DANDRIDGE COCKRELL CRABBE V. COUNTY SCHOOL BOARD OF
NORTHUMBERLAND COUNTY AND BOBBY LEE ALBRITE.

December 6, 1968.

Record No. 6795.

Present, Eggleston, C.J., Buchanan, Snead, Carrico, Gordon and Harrison, JJ.

*William B. McLeod* (*Dunton, McLeod & Simmons*, on brief), for plaintiff in error.

*Nathan H. Smith, Walther B. Fidler* (*Sands, Anderson, Marks & Clarke; Ryland & Fidler*, on brief), for defendants in error.

EGGLESTON, C.J., delivered the opinion of the court.

Dandridge Cockrell Crabbe filed a motion for judgment against the County School Board of Northumberland County and Bobby Lee Albrite to recover damages for personal injuries caused by the alleged negligence of the two defendants. The motion alleged that on February 3, 1965 the plaintiff, who was then a minor but who has subsequently attained the age of twenty-one years, was a student regularly enrolled in the Northumberland High School which was then operated and controlled by the County School Board of Northumberland County; that the defendant Bobby Lee Albrite was then and there employed by the School Board and acting as a teacher in the high school; that in the course of his study as a student or pupil at the school the plaintiff was receiving instruction from Albrite in the use of a power table saw, and that during such instruction the plaintiff's hand was injured.

The motion further alleged that because of the negligence of the School Board the power saw was defective and improperly equipped; that this was known to Albrite, the teacher and employee of the Board, and that Albrite was negligent in permitting the plaintiff to use the defective tool and in failing properly to instruct him in its use. It was also alleged that as a direct and proximate result of such negligence on the part of the defendants the plaintiff's hand was injured.

The defendants filed separate demurrers and special pleas to the motion for judgment. In its special plea the School Board averred that in the operation of the school it was performing a governmental function and was, therefore, immune from liability to the plaintiff for or on account of the matters alleged in the motion.

The defendant Albrite, in his special plea, averred that in the operation of the school the School Board was performing a governmental function and, therefore, was immune from liability to the plaintiff for the matters alleged against it, and that such immunity extended to him, the defendant, as the employee of the School Board.

After argument the lower court entered an order sustaining the demurrers of both defendants and dismissing the suit. From this order the plaintiff has appealed.

First, as to the liability of the School Board: In *Kellam* v. *School Board of the City of Norfolk*, 202 Va. 252, 117 S.E.2d 96 (1960), we held that in the operation and maintenance of a school building a school board acts as a governmental agency or arm of the State and is immune from liability for tortious personal injury neg-

ligently inflicted. In that case we said that the school board was immune from liability for personal injuries sustained by a patron at a concert given by a lessee of a high school auditorium and caused by the alleged unsafe condition of a passageway in the building.

Upon the same principle of the immunity of a school board as a governmental agency, it is generally held that, in the absence of a statute imposing liability, a school board is not liable for injuries to pupils of public schools sustained by reason of the negligence of the board, or its servants or agents in the performance of their duties. 47 Am. Jur., Schools, § 57, pp. 335-337; 78 C. J. S., Schools and School Districts, § 320, p. 1321 *ff.*

Indeed, in the opinion in the *Kellam* case we noted with approval the holding in *Krutili* v. *Board of Education of Butler District*, 99 W. Va. 466, 129 S. E. 486 (1925), that in the operation of a school a school board is performing a governmental function and hence is immune from liability for personal injuries sustained by a pupil and caused by the alleged negligence of an instructor, employed at the school, in the operation of an appliance quite similar to that involved in the present case.

We adhere to the views expressed in *Kellam* v. *School Board of the City of Norfolk, supra,* and hold that in the present case, in the absence of a statute waiving its governmental immunity, the defendant School Board is immune from liability for the injuries sustained by the plaintiff by reason of its alleged negligence and that of the instructor, Albrite.

■ The plaintiff contends that the General Assembly has waived the governmental immunity of the School Board for the tort liability here involved by the enactment of Code §§ 22-284—22-294 [Repl. Vol. 1964], both inclusive. We do not agree.

Section 22-284 provides: "No county, city or other public school unit * * * , in which any school pupils or personnel are transported at public expense to or from any public school supported in whole or in part by State funds, in any vehicle owned or operated by, or owned or operated by any person under contract with, the locality or its school board, shall receive any State school funds, unless it complies with all applicable requirements of this article * * * ."

Section 22-285 provides: "*Every vehicle so used* shall be covered in a policy of public liability and property damage insurance, issued by an insurance carrier authorized to transact business in this State, in the amounts of at least fifteen thousand dollars for injury, includ-

ing death, to one person, one hundred thousand dollars for injury, including death, to all persons injured in any one accident, and five thousand dollars for damage, including destruction, to the property of any person, other than the insured." (Emphasis added.)

Section 22-290 provides: "In case the locality or the school board is the owner, or operator through medium of a driver, of, or otherwise is the insured under the policy upon, the *vehicle involved in an accident* the locality or school board shall be subject to action up to, but not beyond, the limits of valid and collectible insurance in force to cover the injury complained of and the *defense of governmental immunity shall not be a bar to action or recovery,* \* \* \* . The locality or school board so responsible may be sued alone, or jointly with the driver, provided that in no case shall any member of a school board be liable personally in the capacity of school trustee solely." (Emphasis added.)

Clearly, we think, these statutes do not constitute a waiver of the governmental immunity of the School Board from liability in the present case. On the contrary, they are designed for and plainly limited to the operation of vehicles used for the transportation of school pupils and personnel. No such operation was here involved. Nor is there a requirement that the School Board shall provide liability insurance covering its other activities or those of its servants, agents or employees.

The demurrer of the School Board to the plaintiff's motion for judgment was properly sustained, and the judgment in favor of this defendant is affirmed.

Next, as to the liability of the defendant Albrite: We do not agree with the contention of this defendant that the immunity of the School Board from liability to the plaintiff extends to him. It is true that at the time the plaintiff was injured through the alleged negligence of the defendant Albrite, the latter was employed in and performing his duties as an instructor at the school. But the fact that Albrite was performing a governmental function for his employer, the School Board, does not mean that he was exempt from liability for his own negligence in the performance of such duties.

In *Elder* v. *Holland*, 208 Va. 15, 155 S. E. 2d 369 (1967), decided since the present case was disposed of in the lower court, we held that a state police officer was not immune from liability for defamatory words spoken while performing his duties as such officer. We predicated that holding upon our prior decisions that a state employee

may be held liable for negligent conduct in the performance of his duties, although the State itself is immune from liability by reason of such acts of its employee. 208 Va. at 18, 19, 155 S. E. 2d at 372. This is in accord with the majority view of the courts in this country. 49 Am. Jur., States, etc., § 94, p. 308; 81 C. J. S., States, § 84-c, p. 1041.

In the present case the motion for judgment alleged that the defendant Albrite was negligent in the performance of his duties, in that he permitted the plaintiff to use the tool which this defendant knew, or should have known, was defective and improperly equipped, and failed properly to instruct the plaintiff in the use of the tool, and that as a direct and proximate result of such negligence the plaintiff was injured.

It follows from the above allegations that the plaintiff has stated a good cause of action against the defendant Albrite, even though the School Board involved enjoys the sovereign immunity of the State. Consequently, the lower court erred in sustaining the demurrer to the motion for judgment interposed by this defendant.

The judgment in favor of the defendant Albrite is reversed and the case remanded for a new trial as to him.

*Affirmed in part; reversed in part, and remanded.*