## Richmond

STANLEY LYLES, ET AL., ETC. v. JUNIUS I. JACKSON.

April 23, 1976.

Record No. 750666.

Present, All the Justices.

*James A. Eichner* (*Reginald H. Pettus; Allen, Allen, Allen & Allen,* on brief), for plaintiffs in error.

*Alpha Ward Walden* (*J. Segar Gravatt; W. E. Neblett,* on brief), for defendant in error.

Per Curiam.

This consolidated action was originally commenced as four separate actions by Stanley Lyles, Doris Lyles, Joseph Lyles, Jr. and David Lyles (the Lyles), infants, against their former stepfather, Junius I. Jackson (Jackson), for personal injuries which they sustained in an automobile accident which occurred on August 9, 1970, in Lunenburg County, Virginia. The injuries were allegedly caused by Jack-

son's negligence. Upon the pleadings and evidence heard *ore tenus*, the trial court sustained Jackson's plea of parental immunity, holding that Jackson stood *in loco parentis* to the Lyles children and that the doctrine of parental immunity was available to a stepparent occupying that position. Noting that this automobile accident occurred prior to our opinion in *Smith* v. *Kauffman, Adm'r.*, 212 Va. 181, 183 S.E.2d 190 (1971), the trial court dismissed the consolidated actions.

The question presented on appeal is whether the court below erred in sustaining the pleas of parental immunity, more specifically, whether a stepparent, standing *in loco parentis*, is immune from an action for personal injuries sustained by a stepchild in a motor vehicle accident occurring prior to *Smith* caused by the stepparent's negligence.

■ The trial court correctly found that Jackson stood *in loco parentis* to the Lyles children. Jackson married Eva Venus Lyles Jackson (Eva Jackson), a divorcee with four children, on June 28, 1969. The Jacksons purchased a house trailer and established their home in Lunenburg County, where they lived, with the four children, until the day of the accident, a period of some fourteen months. Jackson and his wife both worked. He gave her his weekly pay check, or a substantial portion thereof, to be used, along with her earnings and certain other monies she received, for the general maintenance of the household. Eva Jackson conceded that her husband was always kind and generous to the children, that he contributed substantially to the fund which was used for the maintenance of the family and that he functioned as well as most stepparents in the same circumstances. Neighbors testified that Jackson held these children out as members of his family and appeared to discharge his parental functions. Jackson did not adopt the Lyles children.

After the accident Eva Jackson and the four children left the marital abode. She obtained a final decree of divorce from Jackson on November 4, 1971, before these actions were commenced.

■ The question of whether a stepparent, standing *in loco parentis*, may claim parental immunity from liability for personal injuries sustained by a stepchild in a motor vehicle accident is a matter of first impression with this court. Because of concessions made by plaintiff's counsel, we did not consider and rule on this quetion in *Smith* v. *Kauffman, Adm'r., supra*, 212 Va. at 182, 183 S.E.2d at 191, n.1.

Prior to *Smith*, parental immunity had been a complete defense to any personal injury action brought by a child against his parent. *Norfolk Southern R.R.* v. *Gretakis*, 162 Va. 597, 174 S.E. 841 (1934).

The basis for the rule was that litigation by a child against his parent would tend to disturb the peace and tranquility of the home or disrupt the family finances. Moreover, such litigation might tend to promote collusion and corruption.

This same reasoning applies to one standing *in loco parentis*. We hold, therefore, that the trial court correctly applied the rule by granting immunity to Jackson, a stepfather who stood *in loco parentis*, since the accident occurred prior to our opinion in *Smith*. *See Fountain* v. *Fountain*, 214 Va. 347, 200 S.E.2d 513 (1973).

*Affirmed.*