## CIRCUIT COURT OF ROANOKE COUNTY

Carson Ferguson

v.

O. S. Foster

January 22, 1988

Case No. CL87000004

By JUDGE KENNETH E. TRABUE

I have reviewed the pleadings and the memorandums filed by both sides and find that the defendant's motion for summary judgment should be sustained.

Sheriff Foster is the sole defendant in this case. It is evident from the motion for judgment that the alleged acts of negligence by the deputies in placing the plaintiff in a holding cell with two other prisoners was in the exercise of a discretionary act during the scope of their employment with the Roanoke County Sheriff's Department. Sheriff Foster was an elected constitutional officer; and in my opinion, he is entitled to the benefit of sovereign immunity. *Messina v. Burden*, 228 Va. 301 (1984), provides the pathway for analysis as to whom and under what circumstances immunity is to be granted at the high levels of the three branches of government. It is apparent from Justice Cochran's dissent in *Messina* and in *Banks v. Sellers*, 224 Va. 168 (1982), that a dichotomy seems apparent between the cases under *James v. Jane*, 221 Va. 43 (1980), *Lawhorne v. Harlan*, 214 Va. 405 (1973), and *Crabbe v. School Board*, 209 Va. 356 (1968), and that these cases are extremely difficult for a trial court to reconcile. Justice Poff concurring in *Messina* and *Harlow v. Clatterbuck*, 230 Va. 490 (1986), has suggested the application of a different rationale which would distinguish sovereign

immunity from public servant immunity. Regardless of the rationale, under the analysis determined by *Messina*, it seems to me to be clear that Sheriff Foster, as a constitutional officer, is entitled to the cloak of immunity, whether it be sovereign or public-servant for the discretionary acts and duties imposed upon him by his office and performed by him or his deputies. The plaintiff's pleadings in my judgment plainly establish that the acts of the deputies complained of are ones of discretion.