JAMES JEFFREY LENTZ, ET AL.

V.

JOHNNY MORRIS

Record No. 860022

September 23, 1988

Present: All the Justices

*Diane B. Fenton (Tripp & Fenton,* on brief), for appellants.
*Gerard P. Rowe (Williams, Worrell, Kelly & Greer, P.C.,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

The sole question presented in this appeal is whether the doctrine of sovereign immunity protects a high school teacher supervising a physical education class from a negligence action for damages brought by a student injured while a member of the class.

Appellants James Jeffrey Lentz, a minor, and Jonnie Faye Lentz, his mother, jointly sued appellee Johnny Morris in a two-count motion for judgment. In the first count, the child sought recovery for personal injuries sustained when he was injured during activity at school while under the supervision of defendant. In the second count, the mother sought recovery for medical expenses incurred for treatment of her son's injuries.

The defendant filed various pleas and motions, including a demurrer, asserting that he was immune from suit. The trial court,

after briefing and argument of counsel, ruled in favor of defendant. We awarded the mother and son (hereinafter, the plaintiff) this appeal from the October 1985 final order dismissing the action.

We shall examine the allegations of the motion for judgment according to the familiar principle that a demurrer admits the truth of all material facts properly pleaded. Under this principle, "the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo* v. *Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988).

The plaintiff asserts that on November 9, 1984, the day of the injury, he was a student and defendant was a teacher of health and physical education at Kellam High School in Virginia Beach. He alleges that he was assigned to a physical education class conducted "under the supervision and in the presence of Defendant." He further asserts that, while participating with the class in activities on school grounds, he and other students were "playing tackle football without wearing any protective equipment," which activity defendant knew or should have known posed danger to the participants. Plaintiff also alleges that as the result of defendant's negligent supervision and control of the physical education activities, he was "tackled with great force and violence" which caused his injuries.

On appeal, relying on *Crabbe* v. *School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968), and *Short* v. *Griffitts*, 220 Va. 53, 255 S.E.2d 479 (1979), plaintiff contends that the trial court erred in ruling that a school teacher is entitled to immunity "for his own acts of negligence." In *Crabbe*, we held that the sovereign immunity of a county school board did not extend to a high school teacher who was performing his duties as a shop instructor when a student was injured using a power table saw which allegedly was defective. We said the fact that the teacher "was performing a governmental function for his employer, the School Board, does not mean that he was exempt from liability for his own negligence in the performance of such duties." 209 Va. at 359, 164 S.E.2d at 641.

In *Short*, "reaffirming our decision in *Crabbe*," 220 Va. at 54, 255 S.E.2d at 480, we held that an athletic director, baseball coach, and buildings and grounds supervisor, respectively, employed by a county school board did not enjoy the board's govern-

mental immunity in a suit by a student who was injured when he fell on broken glass while running laps around the school's outdoor track. We said the employees of such a local governmental agency are not entitled to claim governmental immunity and "are answerable for their own acts of simple negligence." *Id.* at 55, 255 S.E.2d at 481.

The plaintiff discusses our more recent decision of *Messina* v. *Burden*, 228 Va. 301, 321 S.E.2d 657 (1984), relied on by the trial court, and argues that *Short* and *Crabbe* "have continuing viability." Plaintiff contends that the present case "more closely resembles *Short* and *Crabbe* than either of the *Messina* cases." Therefore, the plaintiff urges, "Insulation of this individual from responsibility for his own negligent acts does not achieve any of the purposes for which immunity is ordinarily extended to governmental employees." We do not agree.

*Messina* v. *Burden* was a watershed decision on the subject of sovereign immunity. In that case, we reviewed our prior decisions stemming from diverse factual settings and attempted to reconcile them. Reasserting the viability of the doctrine in the Commonwealth, we endeavored to explicate the circumstances under which "an employee of a governmental body is entitled to the protection of sovereign immunity," given the facts of the cases under consideration in *Messina*. 228 Va. at 307, 321 S.E.2d at 660.

Initially, we focused upon the purposes served by the doctrine. They include "protecting the public purse, providing for smooth operation of government, eliminating public inconvenience and danger that might spring from officials being fearful to act, assuring that citizens will be willing to take public jobs, and preventing citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation." *Id.* at 308, 321 S.E.2d at 660. We then said that in order to fulfill those purposes, the reach of the doctrine could not be limited solely to the sovereign but must be extended to "some of the people who help run the government." *Id.*, 321 S.E.2d at 661. We noted that because the government acts only through individuals, it could be crippled in its operations if every government employee were subject to suit.

In *Messina*, against the background of the purposes of the doctrine, the general principles applicable to the concept, and the facts and circumstances of the cases at hand, we proceeded to engage in a necessary "line-drawing" exercise to determine which

government employees were entitled to immunity. Thus, in one case, we held that a State supervisory employee who was charged with simple negligence while acting within the scope of his employment was immune, there being no charge of gross negligence or intentional misconduct. *Id.* at 310-11, 321 S.E.2d at 662.

In the other *Messina* case, we decided that an employee of a county, which shares the immunity of the State, was entitled to the benefits of sovereign immunity where his activities clearly involved the exercise of judgment and discretion. *Id.* at 313, 321 S.E.2d at 664. In deciding that case, we outlined the test, previously developed in *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980), to be used to determine entitlement to immunity. The factors to be considered include: (1) the nature of the function the employee performs; (2) the extent of the governmental entity's interest and involvement in the function; (3) the degree of control and direction exercised by the governmental entity over the employee; and (4) whether the alleged wrongful act involved the exercise of judgment and discretion. *Messina*, 228 Va. at 313, 321 S.E.2d at 663.

Building on *Messina*'s base, we turn to the facts of the present case and, in the process, expressly overrule *Short*. We also expressly overrule *Crabbe* insofar as it addresses the employee's liability in that case.

We hold the trial court correctly ruled that the health and physical education teacher in this case was immune from suit. The facts expressly alleged, and the inferences flowing from those facts, state the following case. The defendant, an employee of an immune governmental entity, was charged with simple negligence in the supervision and control of the class to which he was assigned. The facts do not support a charge of either gross negligence or intentional misconduct. In addition, and contrary to the contention of the plaintiff on brief, implicit in the facts alleged is the conclusion that the defendant was acting within the scope of his employment at the time of the injury.

Therefore, factors included in the *Messina* test for entitlement to immunity are present in this case. The employee is performing a vitally important public function as a school teacher. The governmental entity employing the teacher, the local school board, has official interest and direct involvement in the function of student instruction and supervision, and it exercises control and direction over the employee through the school principal. *See, e.g.,*

Va. Const. art. VIII, § 7 ("The supervision of schools in each school division shall be vested in a school board . . . ."); Code § 22.1-295 ("The teachers in the public schools of a school division shall be employed and placed in the appropriate schools by the school board upon recommendation of the division superintendent."); Code § 22.1-293 (school board employs principal who "shall be responsible for the administration of and shall supervise the operation and management of the school . . . ."). And, a teacher's supervision and control of a physical education class, including the decision of what equipment and attire is to be worn by the student participants, clearly involves, at least in part, the exercise of judgment and discretion by the teacher.

■ Consequently, the *Messina* test, given the purposes served by the doctrine, mandates immunity for this defendant. If school teachers performing functions equivalent to this defendant are to be haled into court for the conduct set forth by these facts, fewer individuals will aspire to be teachers, those who have embarked on a teaching career will be reluctant to act, and the orderly administration of the school systems will suffer, all to the detriment of our youth and the public at large.

For these reasons, the judgment of the trial court will be

*Affirmed.*

POFF, J., concurring.

In accordance with the views expressed in my concurring opinion in *Messina v. Burden*, 228 Va. 301, 314-16, 321 S.E.2d 657, 664-65 (1984), I would not attempt to distinguish between simple civil negligence and gross civil negligence for purposes of public-servant immunity. All governmental employees should be "immune from liability for damages arising out of unintentional torts committed in the performance of a judgmental or discretionary duty within the scope of their employment, without regard to whether the misfeasance or nonfeasance is simple or gross." *Id.* at 315, 321 S.E.2d at 665. Because the plaintiff in the instant appeal has not alleged that the defendant teacher's nonfeasance was intentional, I concur in the Court's decision.

STEPHENSON, J., dissenting.

I respectfully dissent.

Two decades ago, we held that a negligent public school teacher could not escape liability by invoking the doctrine of sovereign immunity. *Crabbe* v. *School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968). Just nine years ago, we reaffirmed that holding in *Short* v. *Griffitts*, 220 Va. 53, 255 S.E.2d 479 (1979). The unanimous decisions in *Crabbe* and *Short* are clear and unambiguous, and the present case is factually indistinguishable from those cases. Today, however, the majority overrules 20 years of established law.

It is significant that in the past 20 years the General Assembly has not enacted legislation overruling *Crabbe*. Presumably, therefore, a majority in the General Assembly believes that the decision in *Crabbe* represents sound public policy. Despite this absence of legislation and the time-honored precept of *stare decisis*, the majority has nullified long-established law, leaving an injured pupil and his parent remediless for the negligent acts of a public school teacher.

CARRICO, C.J., joins in dissent.