## CIRCUIT COURT OF AUGUSTA COUNTY

Robert Burnett

v.

Jack Cross

December 28, 1988

Case No. CL88000241

By JUDGE THOMAS H. WOOD

After considering the pleadings, the Memoranda of counsel, the authorities and the views of counsel, it is my opinion that the defendant's Special Plea of Sovereign Immunity ought to be sustained and this proceeding dismissed.

The Motion for Judgment alleges simple negligence by a school teacher in the supervision of his students and in the use of power tools. These allegations bring this case squarely within the rule recently enunciated by the Virginia Supreme Court in the case of *Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988).

Plaintiff urges the Court to give the *Lentz* holding prospective effect only and cites the cases of *Fountain v. Fountain*, 214 Va. 347, 200 S.E.2d 513 (1973), and *Lyles v. Jackson*, 216 Va. 797, 223 S.E.2d 873 (1976), for his authority. In those cases, the Supreme Court held that the abolition of intra-spousal immunity and parental immunity would be prospective only. In so holding, the Court was swayed by the reliance placed by the defendants and their insurers on long-established doctrines of immunity. In the case at bar, although plaintiff argues that he has relief to his detriment upon the ruling in the

case of *Crabbe v. School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968), he does not do so convincingly. He fails to set forth anything that he has done or failed to do that he would have done differently had he known *Crabbe* would be overruled. Furthermore, as defendant points out, the *Crabbe* rule of liability was at least suspect after the holding in *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 647 (1984). There is nothing about the allegations in this case and no language in the *Lentz* decision which would lead the Court to believe that the well-established rule of *Saffell v. Orr*, 109 Va. 768, 64 S.E. 1057 (1909), should not apply and the *Lentz* decision be given retroactive as well as prospective effect.

Lastly, plaintiff suggests that the Commonwealth has waived the protection of sovereign immunity by the purchase of liability insurance. With respect to this issue, I think it suffices to say that there is absolutely no Virginia authority which would support any such ruling. Furthermore, the *Crabbe* Court held to the contrary in an analogous situation. Accordingly, it would be the ruling of the Court that the purchase of liability insurance by the School Board to cover injury to students would not constitute a waiver of any immunity enjoyed by the Board or by any of its employees.

During oral argument, Ms. Ginsberg asked for leave to amend her Motion for Judgment should the Court rule adversely to her client on defendant's Plea of Sovereign Immunity. Leave is hereby given to Ms. Ginsberg to file an Amended Motion for Judgment should she so desire on or before January 20, 1988.