## CIRCUIT COURT OF THE CITY OF RICHMOND

John M. Jefferson

 v.

Stephen Thomas Howard,
Tony Lee Rogers, and
The City of Richmond

Case No. LR-90-2


Richard Davis

 v.

Stephen Thomas Howard,
Tony Lee Rogers, and
The City of Richmond

Case No. LR-89-2


Thomas W. Cottrell

 v.

Stephen Thomas Howard
and The City of Richmond

Case No. LR-3005-3

June 14, 1989

By JUDGE T. J. MARKOW

This case involved a car accident between a civilian automobile and its passengers and a City of Richmond police car driven by defendant Officer Howard, who at the time of the collision, was responding to a call to assist another officer in the apprehension of a suspect. The City of Richmond and Officer Howard raised pleas of governmental immunity, asserting that since police officer Howard was engaged in the governmental function of law enforcement at the time of the alleged negligence, the City and its employee were entitled to the protection of governmental immunity.

Plaintiff contends that the act of driving a motor vehicle required no quantum of judgment or discretion triggering the protection of governmental immunity and that Officer Howard was liable for acts of simple negligence occurring while he operated a vehicle on the thoroughfares of the Commonwealth, the same as any ordinary citizen would be.

Plaintiff conceded at oral argument that the City of Richmond enjoyed governmental immunity in this case; therefore, the only issue presented is whether or not Officer Howard is entitled to the protection of governmental immunity for allegedly negligent acts while driving a squad car to apprehend a suspect. The parties have stipulated that Officer Howard was responding to a call of another officer for assistance in apprehending a suspect when the collision occurred. By agreement of counsel, the court has reviewed the deposition testimony of Officer Hood for purposes of deciding this issue. The court concludes that Officer Howard is immune from liability.

Plaintiffs do not dispute that the officer was operating his vehicle within the scope of his employment as a City of Richmond police officer when the accident occurred; nor, does plaintiff's counsel dispute that Officer Howard was responding to a call for assistance at the time the accident occurred. Plaintiffs assert that a dispute exists concerning whether Officer Howard was using emergency lights and/or a siren when the accident occurred, but that is not dispositive of the issues here.

Defendants rely upon the case of *Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988). In *Lentz*, the court

considered the issue of a physical education teacher's claim of immunity. In finding the teacher immune, the court relied on the familiar tests set forth in *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984), and *James v. Jane*, 221 Va. 43, 267 S.E.2d 109 (1980).

In this case, plaintiff concedes that Howard meets the first two prongs of these tests, (1) the nature of the function the employee performs, and (2) the extent of the government's involvement in the function, as police work is already within the scope of each of these criteria. However, plaintiff correctly asserts that satisfaction of the first two factors does not automatically afford immunity. The court must also consider the third and fourth factors: (3) The degree of control and direction exercised by the governmental entity over the employee, and (4) whether the alleged wrongful act involved the exercise of judgment and discretion. *Lentz*, 236 Va. 78, 372 S.E.2d 608.

Plaintiffs contend that defendant Howard has offered no evidence to establish what degree of control or lack thereof the City exercised over him as an officer. They also dispute defendant's contention that operation of an emergency vehicle requires considerable "discretion and judgment." Plaintiffs distinguish *Lentz* as being a case wherein a teacher actively supervised and controlled a physical education class, including the decision of what type of equipment and attire was to be worn for tackle football.

Here, plaintiffs argue that the only question of "judgment and discretion" is whether Officer Howard's operation of his squad car was reasonable under the circumstances.

Few activities in life can be performed without the exercise of some judgment or the use of discretion in the literal meanings attributed to those words. Normally, operation of an automobile would not be considered to require the exercise of judgment and discretion such as to confer sovereign immunity; however, vehicular operation in the context of police work may well require the application of the judgment or discretion of the sovereign such as to confer its immunity upon the officer. To illustrate the distinction, contrast the mental exercises involved where a police officer is driving his vehicle from his

station to his beat, with that of a police officer involved in using his vehicle to block a suspect from escape.

In the first instance, the officer need [not] exercise judgment or discretion any different from that required to be exercised by any other driver. In the second, however, the officer in using the automobile as a device to assist him in making an arrest, a classic example of a governmental function, would, indeed, be required to exercise judgment and discretion different from the ordinary citizen driver. He would have to determine how fast or slow to operate, whether to block one or more lanes of traffic, whether to use his vehicle as a blockade or a battering ram, et cetera. Thus, he would be called to make judgments and exercise discretion different in character from that of other drivers. As an instrument of the sovereign discharging the duties of the sovereign, he should be cloaked with its immunity.

As applied to this case, the officer was responding to a call from another officer for assistance in making an arrest. He was not involved in routine motor vehicle operation. Of necessity, his operation required the exercise of the judgment and control of the sovereign. He is entitled to its immunity from suit for simple negligence.

Plaintiffs find an inference of civil liability in Va. Code § 46.1-226 which exempts local law enforcement officials from criminal liability for certain acts done in the emergency operation of a vehicle. The last sentence of the statute reads: "Nothing in this section shall be construed to release the operator of any such vehicle from civil liability for failure to use reasonable care in such operation." While this statute does not directly address the issue of sovereign immunity, plaintiff contends that the effect of the statute is to hold officers such as Officer Howard to the standard of reasonable care under the circumstances.

The statute relied upon by plaintiffs does not abrogate the law of governmental immunity, nor does it carve out a special exception to the law of immunity so as to hold operators of emergency vehicles owned by a governmental entity liable for their acts of simple negligence. The statute's purpose is to insulate emergency vehicle operators from the flurry of criminal traffic citations that would proliferate as a result of their driving maneuvers in

the absence of such legislation. Though it may appear to set a standard of care applicable to drivers of emergency vehicles, it does not address the broader policy considerations embodied in the doctrine of governmental immunity, such as the need to encourage public service and protect the public purse from depletion for every error made by a governmental employee. In short, the statute's purpose, to exempt those like Officer Howard from criminal traffic citations, is not inconsistent with the purposes of governmental immunity. The issue of what standard a squad car driver should be held to on the open road is a far different question from whether or not police officers performing concededly governmental functions should be held civilly liable in the first place. If Officer Howard had not been responding to a call but had been en route to get a cup of coffee, this would be a different case.

The issue is not how Officer Howard drove. Rather, the issue is whether or not Officer Howard should be afforded governmental immunity for acts of negligence performed while carrying out a governmental function. If Officer Howard had not been engaged in the performance of a governmental function, § 46.1-226 may have served to establish negligence *per se*.

In this instance, however, the court is persuaded that operation of a police vehicle in responding to a call for assistance does, indeed, require a considerable amount of discretion and judgment, that the City's interest in Officer Howard's conduct is direct and compelling, and that the City, through its hierarchical paramilitary system of operation and training, exercised a sufficient degree of control over Howard's conduct so as to render Officer Howard immune from suit for acts of alleged negligence while attempting to assist in apprehending a suspect.