## CIRCUIT COURT OF FAIRFAX COUNTY

Mandeville

v.

Lane et al.

April 12, 1990

Case No. (Law) 95034

By JUDGE JACK B. STEVENS

This matter comes before the Court upon the Plea of Sovereign Immunity of the Fairfax County School Board to Count II of the Motion for Judgment. Count II charges the School Board with negligence for personal injuries arising from an incident on school property. For the reasons set forth below, the Plea is granted and the School Board is dismissed as a defendant herein.

Virginia has long recognized and applied the doctrine of sovereign immunity to bar liability of the State and its agencies for negligently inflicted tortious personal injury while acting in their governmental capacities. *Kellam v. School Board*, 202 Va. 252, 254 (1960).

School boards are similarly entitled to governmental immunity, being a governmental agency that acts in a governmental capacity in performing duties imposed by law. *Id.* *Cf. Short v. Griffitts*, 220 Va. 53, 55 (1979) *rev'd on other grounds, Lentz v. Morris*, 236 Va. 78 (1988).

Under Va. Code § 22.1-131, school boards are given authority over the terms and conditions for the use of school property. Where the activity is for other than strictly school purposes, even though an admission fee may be charged, the school board remains immune from liability for personal injuries suffered by members of the public while on school premises for the event in the absence of a statutory waiver of immunity. *Kellam,* 202 Va. at

257-58; *Crabbe v. School Board and Albrite*, 209 Va. 356, 358 (1968) *rev'd on other grounds, Lentz v. Morris*, 236 Va. 78 (1988).

Statutory language granting consent to suit must be explicit, and there can be no waiver of sovereign immunity by implication. *Hinchey v. Ogden*, 226 Va. 234, 241 (1983). The only waiver of the sovereign immunity of the Commonwealth in tort actions is found in the Virginia Tort Claims Act. Va. Code § 8.01-195.1 et seq. However, this waiver applies to state agencies and their employees, and under the Claims Act, a school board is not a state agency by statutory definition. Va. Code § 8.01-195.2.

Plaintiff's alternative argument asserts that the school board is not a state agency but is subject to suit as an independent entity. Although the statutory powers of the school board include the authority to "sue and be sued," these are words affording a procedural right only and do not constitute a waiver of immunity. Va. Code Section 22.1-71. *Hinchey*, 226 Va. at 241 *quoting Tunnel District v. Beecher*, 202 Va. 452, 457 (1961).

In reaching its decision, this Court takes note that the Supreme Court has consistently held that in the absence of a statute imposing liability, a school board is not liable for tortious personal injuries sustained by reason of its negligence. For this reason and following the reasoning in *Kellam*, *Crabbe*, and *Short*, the Motion to Dismiss is granted.