## CIRCUIT COURT OF FAIRFAX COUNTY

Pusey

v.

Fairfax County
School Board et al.

August 27, 1990

Case No. (Law) 98503

**By JUDGE ROSEMARIE ANNUNZIATA**

The motion to dismiss with prejudice the plaintiff's case against defendants, Fairfax County School Board ("School Board") and Stephen Wareham ("Wareham") has been under advisement by this Court. Having considered the grounds raised in support of the motion, the argument of counsel and the relevant law, the motion as to the School Board is granted and as to Wareham is granted in part.

Plaintiff alleges that she was injured as a result of a slip and fall which occurred in the defendants' parking lot at West Potomac High School. Plaintiff charges defendants with negligence and for causing her personal injuries arising from the incident.

Wareham is the principal of the High School, but there are no allegations set forth relative to his duties, function, or responsibilities. There is, further, no allegation relative to whether he was acting within the scope of his employment as principal on the day in question.

Under the holding of *Kellam v. School Board*, 202 Va. 252, 117 S.E.2d 96 (1960), and its progeny, the School Board is a governmental agency and political subdivision

of the Commonwealth of Virginia and, as a matter of law, is immune from suit for injuries sustained by the plaintiff as a result of the School Board's alleged negligence. School boards are given authority over the terms and conditions for the use of school property. § 22.1-131 Va. Code, 1950 as amended. Where the activity is for other than school purposes, the school board remains immune from liability for personal injuries suffered by members of the public while on school premises for the event, in the absence of a statutory waiver of immunity, even though an admission fee may be charged. *Kellam*, 202 Va. at 257-58; *Crabbe v. School Board and Albrite*, 209 Va. 356, 358 (1968) *rev'd on other grounds, Lentz v. Morris*, 236 Va. 78 (1988). Following the reasoning in *Kellam, Crabbe* and *Lentz*, the Motion to Dismiss the School Board is granted.

The doctrine of sovereign immunity may also be applied in behalf of an employee of the state or of other governmental entities. *Messina v. Burden*, 228 Va. 301, 310-312, 321 S.E.2d 657 (1984). I conclude that Wareham works for an immune body and, thus, may be deemed immune if all the applicable criteria are met. Several criteria were set forth in *James v. Jane*, 221 Va. 43, 267 S.E.2d 108 (1980), and include *inter alia* the nature and function performed by the employee and whether the act complained of involved the use of judgment and discretion.

Although plaintiff does not set forth allegations defining Wareham's activities, as a matter of law, a principal is charged with the administration, supervision, operation and management of the school property to which he has been assigned in accordance with the rules and regulations of the school board. § 22.1-293, Code of Virginia, 1950, as amended. In the absence of any allegation to the contrary, it is my opinion that the statutory definition of Wareham's duties controls and that his duties are supervisory in nature and involve substantial discretionary and managerial functions. *Banks v. Sellers*, 224 Va. 168, 173 (1982). He is therefore entitled to immunity. *Id*. at 173. Further, plaintiff fails to allege that Wareham acted outside the scope of his employment, an omission which is fatal to her cause of action. *Elder v. Holland*, 208 Va. 15, 19 (1967); *Sayers v. Bullar*, 180 Va. 222, 229 (1942).

In summary, both defendants are immune from liability as pleaded in this suit and are dismissed as party-defendants to this action. The dismissal as to Wareham is granted without prejudice to the plaintiff who is given leave to refile by September 21, 1990, provided facts which properly sustain the cause of action can be pleaded. The dismissal as to the school board is granted with prejudice.