## CIRCUIT COURT OF FAIRFAX COUNTY

William R. Blackburn, Jr.

v.

Daniel A. Morris

March 6, 1991

Case No. (Law) 101972

By JUDGE RICHARD J. JAMBORSKY

The matter is before the Court on the defendant's demurrer to the plaintiff's claims of gross negligence and willful and wanton negligence. The Court took the matter under advisement and now overrules the demurrer.

In examining the sufficiency of the allegations of the motion for judgment for all purposes of a demurrer, the defendant "admits the truth of all material facts properly pleaded" and all reasonable inferences arising from those facts. *Lentz v. Morris*, 236 Va. 78, 80, 372 S.E.2d 608, 609 (1988); *see also, Grossman v. Saunders*, 237 Va. 113, 119, 376 S.E.2d 66, 69 (1989).

First, the defendant asserts that the plaintiff is not entitled to prove a case for gross negligence because punitive damages are not recoverable under a cause of action for gross negligence. The Court agrees with the defendant that the plaintiff is not entitled to recover punitive damages under a cause of action for gross negligence. However, the defendant has not provided the Court with any authority which denies the plaintiff the right to seek compensatory damages under a cause of action for gross negligence arising out of an automobile accident. *See, Williams v. Vaughan*, 214 Va. 307, 199 S.E.2d 515 (1973); *Wallower v. Martin*, 206 Va. 493, 144 S.E.2d 289 (1965).

Second, the defendant contends that the plaintiff has failed to allege facts which state a cause of action for willful and wanton negligence. The defendant relies primarily upon *Hack v. Nester* for this contention. 397 S.E.2d (adv. sheet) 851, 7 V.L.R. 816 (November 9, 1990). The defendant's reliance is misplaced. In reversing the jury's finding of willful and wanton negligence on the part of Hack, the Virginia Supreme Court held that "[e]ven though this accident produced a more tragic result [death], the evidence here does not present the 'egregious set of facts' presented in *Booth.*" *Id.* at 823 (quoting *Booth v. Robertson*, 236 Va. 269, 273, 374 S.E.2d 1, 3 (1988)). In *Hack*, the Supreme Court indicated that there was no evidence in the record to suggest that the defendant had exhibited any conscious disregard for the decedent's safety. *Id.*

In *Booth v. Robertson*, the Virginia Supreme Court stated "that negligence which is so willful or wanton as to evince *a conscious disregard of the rights of others*, as well as malicious conduct, will support an award of punitive damages in a personal injury case." 236 Va. 269, 273, 374 S.E.2d 1, 3 (1988) (emphasis added). The following four facts were present in the *Booth* case. First, the accident occurred on a dark rainy evening. Second, the defendant drove the wrong way down an exit ramp and the adjoining interstate. Third, the defendant was driving at a high rate of speed. Fourth, the defendant's blood alcohol content registered 0.22%. *Id.*, 236 Va. at 270-71, 374 S.E.2d at 1-3.

In the case at hand, the Court finds that the plaintiff has alleged facts which more closely parallel the facts in *Booth*. First, the plaintiff alleges in the motion for judgment that the defendant had knowledge of: (1) the speed limit on Old Courthouse Road in the area of the collision (25 mph); (2) a caution sign indicating a sharp right turn prior to the site of the collision; and (3) the contours of the road (e.g., narrow, downhill, sharp curve to the right). Additionally, the plaintiff alleges that the defendant had travelled on Old Courthouse Road

and in the area of the collision before the events in question.

Second, the plaintiff alleges that the defendant was "showboating," "getting a kick," "attempting to push his car 'to the limit'." After the accident, the defendant acknowledged "that because it was a thrill to do so, he had consciously and deliberately driven at illegal and unsafe speeds." The defendant told the investigating officer that he was travelling at forty miles per hour. The defendant's passengers stated that he had been driving at fifty or more miles per hour immediately before the collision. Additionally, the plaintiff alleges that the defendant's passengers asked and pleaded with him to slow down within three minutes of the accident. One passenger even asked the defendant to take him home within three minutes of the accident.

Third, the plaintiff alleges that the defendant was drinking and driving within ten minutes of the collision.

Fourth, the plaintiff alleges that the defendant crossed the double yellow line and was driving on the wrong side of the road at the time of the collision.

After a review of the plaintiff's motion for judgment, the Court cannot state as a matter of law that the plaintiff has failed to state facts upon which the relief demanded can be granted.

For the foregoing reasons, the Court overrules the defendant's demurrer.