## CIRCUIT COURT OF SHENANDOAH COUNTY

John Bracken

 v.

Ed Merrill and
Virginia Military Institute

### March 13, 1992

### Case No. (Law) 2000

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court for ruling upon the Pleas of Sovereign Immunity filed by the defendants Ed Merrill and the Virginia Military Institute Board of Visitors. Upon consideration of the pleadings and the memoranda of authority filed by the parties, I see no need for oral argument, and I have made the following [findings and conclusions].

### I. *Findings of Fact*

For the purpose of ruling on the Pleas of Sovereign Immunity, the following facts were admitted in the pleadings.

Ed Merrill, at all times pertinent herein, was an employee of Virginia Military Institute.

Virginia Military Institute is a public corporation established pursuant to Va. Code § 29–92 and, at the time complained of, owned and operated the New Market Battlefield Historical Park in the town of New Market, Virginia.

At approximately 1:00 p.m. on October 22, 1991, defendant Merrill, who was an employee of the Battlefield Park, closed the gate across Route 305 in the New Market Battlefield Historical Park and refused to allow the plaintiff's vehicle to leave the Battlefield Park until a Shenandoah County Sheriff's deputy had arrived.

After the arrival of the Sheriff's deputy, Merrill had a trespassing warrant issued against Bracken on which he was ultimately acquitted.

## II. *Conclusions of Law*

Virginia Military Institute and its Board of Visitors *are* immune from suit as agencies of the Commonwealth of Virginia. *See* Va. Code § 8.01–195.3; *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984) (applied to the Frederick Campus of Tidewater Community College); *James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980) (the University of Virginia); and *Wilson v. Commonwealth*, 17 Va. Cir. 144 (1989) (Virginia State University).

The current status of the doctrine of sovereign immunity in Virginia was thoroughly discussed in *Burnham v. West*, 681 F. Supp. 1169, 1171–1172 (E.D. Va. 1988):

> Under Virginia's approach to sovereign immunity, the doctrine is viewed as having developed from being simply a "privilege of sovereignty" into a mainstay of public policy.
>
> [T]he doctrine of sovereign immunity serves a multitude of purposes, including but not limited to, protecting the public purse, providing for smooth operation of government, eliminating public inconvenience and danger that might spring from officials being fearful to act, assuring that citizens will be willing to take public jobs, and preventing citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation.
>
> *Messina*, 228 Va. at 308, 321 S.E.2d at 660. The immunity enjoyed by governmental employees is not regarded in Virginia as independent of the immunity held by the Commonwealth itself; instead, the former is the logical and necessary extension of the latter. This conclusion is grounded partly in the agency-related principle that "the State can act only through individuals," *id.*, 228 Va. at 308, 321 S.E.2d at 661, and partly in the policy-related principle that "[u]nless the protection of the doctrine extends to some of the people who help run the government, the majority of the purposes for the doctrine will remain unaddressed." *Id.*
>
> The immunity afforded to those public servants who are entitled to it is of the same character at all levels of government, but its application at some levels is broader than at others.

Governors, judges, members of state and local legislative bodies, and other high level government officials have generally been accorded absolute immunity. General agreement breaks down, however, the farther one moves away from the highest levels of government. Nevertheless, on a case-by-case basis, this Court has extended immunity to other government officials of lesser rank.

*Id.* at 309, 321 S.E.2d at 661 (citation omitted). The analysis in such cases is a functional one: "We examine the function [the] employee was performing and the extent of the state's interest and involvement in that function." *James v. Jane*, 282 S.E.2d 864 (1981). Analysis of function and governmental interest should include consideration of "whether the act complained of involved the use of judgment and discretion" and of "the degree of control and direction exercised by the state over the employee." *Messina*, 228 Va. at 313, 321 S.E.2d at 663. Finally, the nature of the allegedly injurious act itself is relevant. Sovereign immunity does not protect a state employee who commits an intentional tort, *Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967), or a negligent act outside the scope of his or her public duties. *Sayers v. Bullar*, 180 Va. 222, 22 S.E.2d 9 (1942). *See also, Fox v. Deese*, 234 Va. 412, 422–425, 362 S.E.2d 699, 705–706 (1987) (stating both of the foregoing propositions).

To summarize for purposes of the case at bar: Virginia's sovereign immunity doctrine provides governmental employees with a margin for error if they meet the doctrine's eligibility requirements. These requirements, stated broadly, are that the employee work for an immune governmental entity and that the employee exercise judgment and discretion, or both. Eligible governmental employees acting within this margin, which encompasses what are referred to generally in the cases as acts of "simple negligence," will not be subjected to liability in damages. Governmental employees in a proper case are afforded immunity, despite the undesirable effects of their immunized mistakes, because the government itself will suffer if its agents fail or refuse to act because they fear the consequences of acting in error. However, where the character of an employee's act takes it outside the scope of that employee's governmental duties, or where the employee acts with wrongful intent, the doctrine affords no protection.

As noted in 57 Am. Jur. 2d *Municipal, etc., Tort Liability*, § 182:

> Traditionally, however, governmental tort immunity applied to bar the liability of municipal corporations for false arrest or false imprisonment as a consequence of the wrongful acts of its officers or agents, where the acts done were in the performance of governmental duties, including false arrest . . . . Since a municipality lacks power to authorize its officers to perform an illegal act, rendering them liable for false imprisonment, it lacks the power to ratify such an act after it is performed.

While the Commonwealth has abrogated the complete rule of sovereign immunity by passing the Virginia Tort Claims Act, Virginia Code § 8.01–195.1 *et seq.*, it appears that the doctrine of sovereign immunity has not been abrogated by the Tort Claims Act so as to permit liability for false arrest claims being made against the Commonwealth. "False arrest" as alleged in the motion for judgment is an intentional tort as opposed to an act sounding in negligence, and neither V.M.I., as a state agency, nor the Commonwealth may be held vicariously liable in this action. *But cf. Wadhams v. Procunier*, 772 F.2d 75, 78 (4th Cir. 1985) (liability may be imposed against individual official for ministerial error resulting in miscalculation of prisoner's release date and claim may be made under the Virginia Tort Claims Act).

If the Commonwealth were made a party to this action, the exception to the application of the Tort Claims Act set forth in § 8.01–195.3(6) exempting "any claim arising out of the institution or prosecution of any administrative or judicial or administrative proceeding, *even if without probable cause*," (emphasis added) would immunize the Commonwealth from potential liability in this case because the action taken by Merrill was done incident to the prosecution of a trespass charge against Bracken. Plaintiff's Memorandum, p. 4.

The issue as to whether the doctrine of sovereign immunity is available to VMI's employee Merrill will require an inquiry into the specific nature of the terms and conditions of his employment at the time complained of *vis-a-vis* the detention of Bracken. As the Supreme Court of Virginia observed in *Gargiulo v. Ohar*, 239 Va. 209, 212, 387 S.E.2d 787 (1990):

> In *James [James v. Jane*, 221 Va. 43], we held that attending physicians on the faculty of the University of Virginia were

not immune. There, we fashioned a four-part test for determining whether a state employee charged with simple negligence is entitled to the immunity accorded the sovereign.

Under such circumstances, we examine the function [t]he employee was performing and the extent of the state's interest and involvement in that function. Whether the act performed involves the use of judgment and discretion is a consideration, but it is not always terminative . . . Of equal importance is the degree of control and direction exercised by the state over the employee whose negligence is charged. 221 Va. 53, 282 S.E.2d at 869.

In *James*, the facts failed to satisfy the test. Applying the test in three later cases, however, we held in each that the employee was immune. *Bowers v. Commonwealth*, 225 Va. 245, 302 S.E.2d 511 (1983) (resident engineer employed by Commonwealth); *Messina v. Burden, supra* (state college employee and county employee); *Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988) (public high school employee).

Although Dr. Ohar was a licensed, board-certified physician, the Court went on to note that she was not permitted to choose or refuse patients and was required to obey state-established rules and to employ state-prescribed methods and to follow state-standardized procedures, and, while Dr. Ohar was entrusted with a measure of discretion in the performance of her assigned duties, she functioned under the supervision of, and was subject to the command of, superiors employed by the state. The Supreme Court of Virginia held that under those conditions, Dr. Ohar was "a state employee entitled to sovereign immunity . . . ." *id.* at 215. In *Grites v. Clarke County*, 14 Va. Cir. 165 (1988), Judge Woltz of this Circuit discussed extensively the criteria by which to assess a public employee's duties for purposes of applying the doctrine of sovereign immunity and concluded that the animal control officer of Clarke County exercised sufficient discretion in the administration of his duties to clothe his actions with the protective cloak of sovereign immunity.

The *James-Ohar* test will be applied to determine whether Mr. Merrill is entitled to protection of sovereign immunity, and for that reason, his plea at this time of sovereign immunity is denied pending further development of the evidence with respect to his exact employment status and the nature and extent of his duties *vis-a-vis* the act complained of.

## III. *Decision*

For the foregoing reasons:

1. The plea of sovereign immunity of Virginia Military Institute is sustained.

2. The plea of sovereign immunity of the defendant Merrill is denied.