# CIRCUIT COURT OF FAIRFAX COUNTY

Virginia Nunez

v.

Wayne Hartke et al.

April 21, 1993

Case No. (Law) 117464

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the demurrer of defendants Wayne Hartke and the law firm of Hartke & Hartke to plaintiff's second amended bill of complaint. After hearing oral argument, the Court took this matter under advisement. For the reasons set forth below, the demurrer is overruled.

This case arises from events which took place in the fall of 1988. On September 25, 1988, Fairfax County police officers conducting a search kicked in the door of a bedroom occupied by Maria Teresa de la Cruz and Inocencio de la Cruz. Although the parties dispute most of the facts, it is clear at least that Mr. and Mrs. de la Cruz were both in the bedroom when the police burst in and that Mr. de la Cruz was holding a gun. Plaintiff admits that a period of thirty to forty seconds elapsed while the police officers demanded that Mr. de la Cruz drop his gun. The police then opened fire. Mr. de la Cruz was wounded. Mrs. de la Cruz was killed.

Plaintiff, Virginia Nunez, is administratrix for the estate of Maria Teresa de la Cruz. In August of 1990, Ms. Nunez requested that defendants review a legal claim to be made against Fairfax County on

behalf of the estate. According to the plaintiff, two weeks later the defendants notified her that they would accept the claim and represent both Virginia Nunez, administratrix of the estate, and Inocencio de la Cruz, beneficiary of the estate. The claims at issue were subject to a two-year statute of limitations, which expired on October 25, 1990. Plaintiff alleges that in November of 1990, defendant Wayne Hartke informed her that neither he nor the firm of Hartke & Hartke would pursue a claim on behalf of the estate. Plaintiff asserts that defendants were negligent in their representation and has filed suit for one million dollars in damages.

An attorney has a duty to his or her client to "execute the business intrusted . . . with a reasonable degree of care, skill, and dispatch," and is liable to the client if "guilty of a default in either of these duties whereby their clients are injured." *Glenn v. Haynes*, 192 Va. 574, 66 S.E.2d 509 (1951). To recover against an attorney based on negligence, the plaintiff must establish the attorney's employment, his neglect of a reasonable duty, and that such negligence caused the plaintiff's loss. *Byrd v. Martin, Hopkins, Lemon and Carter, P.C.*, 564 F. Supp. 1425 (W.D. Va. 1983). There must be a showing that but for the defendant's negligence, the plaintiff would have recovered on the underlying claim. *Id.*

In the second amended motion for judgment, plaintiff claims that defendants should have asserted two causes of action on her behalf: a wrongful death action and a 1983 civil rights action for violation of the civil rights of the deceased, Maria Teresa de la Cruz. The second amended motion for judgment alleges that Mrs. de la Cruz was unarmed, across the room from her husband, and in clear view when the shooting occurred. The shooting, plaintiff contends, was either intentional or wanton. Defendants have filed a demurrer, arguing both that there was no attorney-client relationship between the parties and that plaintiff would not have prevailed on the underlying claim because the police officers had a defense of immunity.

In arguing that there was no attorney-client relationship between the parties to this case, defendants cite plaintiff's failure "to allege the essential factor, contract terms." Memorandum in Support of Demurrer at 9. Of particular importance to defendants' arguments is plaintiff's refusal to name any consideration for the supposed agreement. According to the defendants, "[t]here was no consideration in this case, no employment because there were no terms, and thus no contract."

Memorandum in Support of Demurrer at 9. However, defendants' arguments fail to address the clear distinction drawn in Virginia case law between attorney-client relationships and other contracts. An attorney "may be employed without formalities of any kind." *Glenn v. Haynes*, 192 Va. 574, 580, 66 S.E.2d 509 (1951). The opinion in *Glenn* states that, "[t]he contract may be made by parol, and it is often largely implied from the acts of the parties." *Id.* at 580. Finally, *Glenn* states that an attorney "is not bound to undertake to render services for another without compensation," but if he or she does so, "he is liable for the consequences of . . . improper management, and cannot allege as a defense lack of consideration for his services." *Id.* (citation omitted). *See also, Nicholson v. Shockey*, 192 Va. 270, 64 S.E.2d 813 (1951) ("Formality is not an essential element of the employment of an attorney. The contract may be express or implied, and it is sufficient that the advice and assistance of the attorney is sought and received, in matters pertinent to his profession.") Given that an express agreement as to terms is not a required element of the attorney-client contract, defendants' complaints as to the absence of such formalities do not constitute adequate grounds for a demurrer in this case.

Defendants also have demurred to the bill of complaint on the grounds that plaintiff could not have prevailed on either of her underlying claims. The first claim at issue is a state court claim for wrongful death. In order to overcome the officers' sovereign immunity,[1] there must be some showing of gross negligence or intentional misconduct. *Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988). In the instant case, plaintiff has in fact alleged such conduct and supported it with factual allegations which must, for the purposes of this demurrer, be accepted as true. *Id.*[2] Specifically, plaintiff has alleged that Maria Teresa de la Cruz was "unarmed, on the opposite side of the room from Mr. de la Cruz, plainly visible and not in the line of fire between the police and Mr. de la Cruz." These facts support plaintiff's allegations of gross negligence or intent.

---

[1] There has been no issue raised as to the applicability of sovereign immunity to the police officers in this case. The Court notes that the officers clearly meet the requirements for immunity set out in *Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988).

[2] On demurrer, the admitted facts are "those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Id.* (citation omitted).

Turning now to plaintiff's underlying federal claims, this Court finds that they also have been adequately alleged. Plaintiff has raised two possible violations of decedent's constitutional rights. The first is based on the Fourteenth Amendment due process guarantee. Plaintiff also raises the issue of a Fourth Amendment violation through use of excessive force.

To establish a violation of Mrs. de la Cruz's due process rights, plaintiff will have to establish a deliberate decision by the officers to deprive Mrs. de la Cruz of her life. *Daniels v. Williams*, 474 U.S. 327 (1986). The due process guarantee applies "to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Id.* at 331 (citations omitted). As explained, plaintiff has alleged an intentional shooting by the police, as well as facts supporting that interpretation. Admittedly plaintiff has a heavy burden to carry, but the claim is sufficient to withstand demurrer.

With regard to proof, the Fourth Amendment ("excessive force") issue is wholly different from plaintiff's Fourteenth Amendment claim. In determining a § 1983 claim based on excessive force, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent and motivation." *Samples v. City of Atlanta*, 916 F.2d 1548 (11th Cir. 1990). The subjective intent of the officers is irrelevant; it is the objective reasonableness of their conduct which is at issue. *Id.* Plaintiff has alleged facts from which it could be found that the police acted unreasonably in the instant case. Thus, the motion for judgment states a cause of action and the demurrer of defendants is overruled.