114

## CIRCUIT COURT OF THE CITY OF NORFOLK

Andrea Clayton Morgan

v.

City of Norfolk,
Norfolk Public School Board,
John O. Simpson,
Sheryl Young,
Dorothy Valencia,
and Diane Feineis

March 20, 2001

Case No. L99-1308

BY JUDGE MARC JACOBSON

Andrea Clayton Morgan has filed suit against the City of Norfolk, the Norfolk Public School Board, Dr. John O. Simpson, Sheryl Young, Dorothy Valencia, and Diane Feineis arising out of the Homebound Instruction Program (Program) her daughter, Stacy Marie Wilson-Rice, received during her senior year as a student at Maury High School in the City of Norfolk.

By letter dated June 3, 1998 (Letter), Plaintiff notified Charles D. Griffith, Jr., Commonwealth's Attorney for the City of Norfolk, of her claim against the Defendants, treating the letter as a "Notice of Legal Action." She also filed a Motion for Judgment (Motion) with the Circuit Court of the City of Norfolk on June 3, 1999. The Letter and Motion will be referred to interchangeably as to the facts and allegations set forth therein.

Plaintiff alleges that the Program was deficient in that Dorothy Valencia, the instructor assigned to Wilson-Rice for the Program, was unable to teach math at the required level and that the specialist told Wilson-Rice that she would arrange for a math specialist instead. Plaintiff alleges that no math specialist ever instructed Wilson-Rice and that Valencia visited the home on

only three occasions. Because Wilson-Rice did not receive math instruction during the semester in question, Plaintiff contends her daughter was unable to take final exams and thus was one credit short of the minimum required for graduation with her class.

Plaintiff also alleges that in an attempt to receive payroll checks improperly, Valencia "knowingly and willfully used Plaintiff's name . . . in a manner considered to be UNLAWFUL and FORBIDDEN" by forgery. *See* Motion, ¶ 1 (emphasis in original). Plaintiff alleges that when school officials were notified of this action, they failed to rectify the situation, believing Valencia's version of the relevant events. *See* Motion, ¶ 3-4. Because they believed Valencia's account, Plaintiff alleges that school officials failed to investigate Wilson-Rice's claims regarding the homebound instruction, and as such, "failed to exercise a sufficient degree of CARE and CONCERN" for Plaintiff's daughter. *See* Motion, ¶ 5, 7 (emphasis in original).

Each of the Defendants has filed a Demurrer stating that the Motion is insufficient as a matter of law.

"In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." Va. Code Ann. § 8.01-273 (Michie 1992, Supp. 1998). "A demurrer admits the truth of all material facts that are properly pleaded. According to this rule, the facts admitted are those expressly alleged, those which are impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Bowman v. State Bank of Keysville*, 229 Va. 534, 536, 331 S.E. 2d 797, 798 (1985). "When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (citing *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E 360, 365 (1918)). Further, even if all of the allegations in a pleading are true but the allegations do not impose legal liability upon a defendant, a demurrer should be sustained. *Smith v. Wolsiefer*, 119 Va. 247, 89 S.E. 115 (1960).

Plaintiff has alleged that Defendant Norfolk School Board (Board) improperly or unduly disregarded Wilson-Rice's version of events and that the Board and/or its officers or employees "failed to exercise a sufficient degree of CARE and/or CONCERN" for Plaintiff's daughter. See Motion, ¶ 5 (emphasis in original). Plaintiff alleges that the Board and its officers and/or agents failed to rectify the problem (*see* Motion, ¶ 3) and failed to investigate her daughter's claim. *See* Motion, ¶ 7. These allegations relate to tort liability. In

order for there to be liability by way of tort, there must be a legal duty owed unto Plaintiff and a breach of that duty by the Board causing or resulting in harm to Plaintiff. The Motion for Judgment and accompanying letter do not sufficiently allege a duty and/or a breach of duty causing harm to Plaintiff and a resulting cause of action against the Board or as to the allegations set forth in Motion ¶¶ 3, 5, and 7. Accordingly, the Demurrer is sustained as to Motion ¶¶ 3, 5, and 7.

The allegations that the Board encouraged acts of "Defamation, Fraud, Misrepresentation, and the Infliction of emotional distress" as set forth in Paragraph 6 of the Motion are insufficient as a matter of law as Virginia does not recognize a cause of action for these alleged torts. The Demurrer as to the alleged torts set forth in paragraph 6 of the Motion is sustained as to all Defendants.

In order for the Board to be liable for negligence there must be a statute permitting the Board to be sued. *Kellam v. School Board*, 202 Va. 252, 117 S.E.2d 96 (1960). If there is not a statute waiving governmental immunity from liability, a school board would not be liable to students of a public school by reason of negligence of the board itself or by its servants or agents while in the performance of their duties. *Crabbe v. County Sch. Bd.*, 209 Va. 356, 164 S.E.2d 639 (1968), *overruled on other grounds* by *Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988). Accordingly, a cause of action has not been properly alleged against the Board or the City because neither can be liable for alleged improper actions of its employees. The Court finds and concludes that the Board is immune from liability because of governmental immunity.

The Court finds and concludes that the Defendants Sheryl Young and Diane Feineis are immune from liability for the alleged negligence or acts set forth in the Motion because of sovereign immunity under the guiding case of *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984). Further, in the case of *Lentz v. Morris*, the Virginia Supreme Court held that a public school teacher was entitled to governmental immunity, stating:

> The employee is performing a vitally important public function as a schoolteacher. The governmental entity employing the teacher, the local school board, has official interest and direct involvement in the function of student instruction and supervision and it exercises control and direction over the employee through the school principal. *See, e.g.*, Va. Const., Art. VIII, § 7 ("the supervision of schools in each school division shall be vested in a school board. . . ."); Code § 22.1-293 (school board employs principal who "shall be responsible for the administration of and shall supervise the operation and

management of the school. . . ."). And, a teacher's supervision and control of a physical education class . . . clearly involves, at least in part, the exercise of judgment and discretion by the teacher.

236 Va. at 82-83 (quoting *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984)). The Court concluded that the factors enunciated in *Messina* for entitlement to governmental immunity were present, noting that in that case simple negligence was alleged, as opposed to gross negligence or intentional misconduct. In the instant case, gross negligence and/or intentional misconduct are not alleged; therefore, the individual defendant is immune from suit.

The factors which allow governmental immunity for the individual Defendants Young and Feineis are present in the instant case, and the Demurrers as to Defendants Young and Feineis are sustained.

The Motion as to Defendant Dr. John O. Simpson is dismissed as the alleged negligence and/or actions of the other Defendants allegedly occurred prior to June 3, 1998, and Dr. Simpson did not become Superintendent of Schools for the City of Norfolk until July 12, 1998.

The Motion as to Defendant Valencia alleges "knowing and willful" conduct, *see* Motion, ¶ 1, but Plaintiff's allegations that she "suffered an extensive amount of undue stress, humiliation, embarrassment, and mental pain and suffering" are insufficient and not compensable as a matter of law, and the Demurrer as to Defendant Valencia is sustained.