𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

KENNETH R. SHORT

v.

JOSEPH L. GRIFFITTS,
RICHARD E. LEE and ALBERT REDMAN

June 8, 1979.

Record No. 770974.

Present: All the Justices.

*Robert T. Hall (Hall, Surovell, Jackson & Colten, P.C., on brief), for* appellant.

*William J. Virgulak, Jr. (Brian C. Shevlin; Doherty, Sheridan, Grimalii & Shevlin, on brief), for appellees.*

HARRISON, J., delivered the opinion of the Court.

Kenneth R. Short brought an action against the County School Board of Fairfax County, Joseph L. Griffitts, Richard E. Lee and Albert Redman to recover damages for personal injuries. Griffitts, Lee and Redman are athletic director, baseball coach and buildings and grounds supervisor, respectively, of Herndon High School, which is operated by the Fairfax County School Board. Short alleged that he sustained an injury when he fell on broken glass while engaged in running laps around the school's outdoor track facility. He further alleged that his injury was caused by the defendants' acts of simple and gross negligence.

The defendants filed a plea of sovereign immunity. This plea was sustained by the lower court upon the grounds that the School Board "enjoys sovereign immunity" and that the other defendants "were acting in a supervisory capacity" and were thereby entitled to immunity. We granted Short an appeal limited to a consideration of whether the trial court erred in deciding that Griffitts, Lee and Redman, the individual defendants, are immune from plaintiff's action under the circumstances of this case.

Consistent with, and reaffirming our decision in *Crabbe* v. *School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968), we reverse. There Crabbe, a student enrolled in the Northumberland High School, brought an action for damages against the County School Board and its employee, Bobby Lee Albrite, a teacher in the high school. The student alleged that through the negligence of the School Board, a power saw was defective and improperly equipped. This fact was known to Albrite, who was alleged to have been negligent in permitting the student to use the tool and in failing to properly instruct him on its use. Both defendants claimed that they were performing a governmental function and were therefore immune from liability. Adhering to the views expressed in *Kellam* v. *School Board of the City of Norfolk*, 202 Va. 252, 117 S.E.2d 96 (1960), we held that the School Board was acting as a governmental agency and as an arm of the state. In the absence of a statute waiving the School Board's governmental immunity, we found it immune from liability for the injuries sustained by Crabbe by reason of its alleged negligence and the negligence of Albrite. However, we held that the fact that Albrite was performing a governmental function for his employer did not mean that he was exempt from liability for his own negligence in the performance of such duties. We found that Crabbe's motion for judgment stated a good cause of action against Albrite, notwithstanding the immunity

enjoyed by his employer.

In the case under review, Kenneth R. Short alleges that the individual defendants had a duty to establish procedures for the maintenance of the track, and to supervise and instruct the custodial staff of the school to insure that the premises were maintained in a safe condition; and that in violation of their duties, the defendants failed to inspect the premises, failed to discover their condition, *i.e.*, the broken glass, and failed to warn the plaintiff of the dangerous condition of the track. Whether the supervision, maintenance and inspection of the athletic facilities of the school were among the defendants' responsibilities, whether there has been a negligent violation of any of these duties, and whether such violation was a proximate cause of the injury sustained by Short, are questions of fact. All we decide here is that Griffitts, Lee and Redman are not entitled to assert the defense of governmental immunity to Short's claim, and that their plea should not have been sustained by the court below.

The reliance by defendants on *Lawhorne v. Harlan*, 214 Va. 405, 200 S.E.2d 569 (1973), is misplaced. What distinguishes *Lawhorne* from *Crabbe* and the instant case is that *Lawhorne* involved the University of Virginia Hospital, an organ of the State of Virginia which does enjoy sovereign immunity. The three employees of that state-owned and state-operated hospital were not charged with committing more than acts of simple negligence, and were not charged with having committed an intentional tort or with having been so negligent as to take themselves outside the scope of their employment. Also we not only found their acts to have been discretionary and judgmental but to have been performed within the scope of their state employment.

Here, as in *Crabbe,* we are involved with a local governmental agency, created by the sovereign power of the state, and entitled by virtue of that fact to governmental immunity. Additionally, we are involved with the employees of such a local governmental agency whom we have specifically held do not enjoy governmental immunity and who are answerable for their own acts of simple negligence. We make a distinction between the sovereign Commonwealth of Virginia and its employees, and a governmental agency, created by the Commonwealth, and its employees.

In *Sayers v. Bullar*, 180 Va. 222, 22 S.E.2d 9 (1942), a plaintiff sought to recover from two state employees damages alleged to

have been sustained as the result of explosions set off by them in the construction of a water pipeline for the State of Virginia. There, for the first time, this Court was called upon to pass judgment on a case where employees of the state were sued for tort arising from work being done by them for the state. We concluded that it would be an unwise policy to permit state agents and employees to be sued in their personal capacity for such acts unless they departed from the direction given them by the state. We said:

> The true rule would seem to be to require proof (and allegation) of some act done by the employee outside the scope of his authority, or of some act within the scope of authority but performed so negligently that it can be said that its negligent performance takes him who did it outside the protection of his employment.

180 Va. at 229, 22 S.E.2d at 12.

In *Elder v. Holland,* 208 Va. 15, 155 S.E.2d 369 (1967), we reviewed our holding in *Sayers* and restated that a state employee may be liable for his conduct while performing work for the state if the conduct is wrongful. Having held that a state employee was liable for negligent conduct under certain conditions, we concluded that a state employee was also liable for intentional torts, and that the state police officer involved in the *Elder* case was not immune from liability for defamatory words spoken while performing his duties as such an officer.

Six months after *Elder* was decided we considered *Crabbe,* and held that employees of a local school board did not enjoy the governmental immunity afforded the board, and were responsible for their acts of simple or ordinary negligence. The latter decision is dispositive of the issue involved here.

We hold that the trial court erred in sustaining the plea of sovereign immunity submitted by Griffitts, Lee and Redman. The judgment of the court is reversed, and the case is remanded with direction that it be reinstated on the docket for such further proceedings therein as may be indicated.

*Reversed and remanded.*