## CIRCUIT COURT OF LOUDOUN COUNTY

Krupnik

v.

Glaydin School and Camp, Inc., et al.

March 19, 1985

Case No. (Law) 7505

By JUDGE CARLETON PENN

This action for personal injuries allegedly suffered by the plaintiff while a student at the Glaydin School and Camp, Inc., as a result of the negligence of the individual defendant, an employee of the school, in the operation of a school motor vehicle is before the court on a Plea of Charitable Immunity. The court heard evidence thereon and the parties have filed memoranda of authorities containing their arguments. A related issue is whether, if the corporate defendant (Glaydin) is entitled to that immunity, the individual defendant (Johnson), its employee, is also entitled to that benefit.

The court finds as fact that at the time of the injury alleged:

1. Glaydin was and is a non-stock, non-profit Virginia corporation organized for charitable and educational purposes.

2. For the years 1979, 1980, and 1981, it filed IRS Form 990, the return of an organization exempt from income tax.

3. Glaydin endeavored to maintain a "break-even" operation, and although it generally lost money, in 1981, the year of the accident, it inadvertently

showed a profit that was utilized in subsequent operations.

4. Glaydin's income was generated from:

    a. An annual "giving letter" that stated donations were "tax deductible".

    b. Government agencies.

    c. Tuition paid by students' parents.

    d. Sale of cattle.

5. The Commonwealth of Virginia fixed its charges, and a "cap" of five percent was allowed for profit to offset those years when an operating loss was incurred.

6. No salary was paid to an officer or director, and no corporate assets had been transferred to them.

7. Upon dissolution, the assets of the corporation must be distributed "for one or more of the purposes set forth in Section 501(c)(3) of the Internal Revenue Code."

8. The plaintiff was a beneficiary of the charity of Glaydin. (His father paid but $200.00 of the tuition cost of $25,000.00.)

9. No students have been sued for non-payment of tuition.

Because Glaydin makes no student loans, among other contentions, plaintiff argues that it does not meet the test for qualifying as a charity under *Ettlinger* v. *Trustees of Randolph-Macon College*, 31 F.2d 869 (4th Cir. 1929). This court does not consider loan-making essential to a determination of status as a charitable institution. Indeed, the type of student apparently enrolled at Glaydin might render utterly impractical the making of student loans.

The court is of the opinion that Glaydin is a charitable institution, and sustains the Plea of Charitable Immunity as to it.

Plaintiff alleges that Johnson was acting within the scope of employment and Glaydin did not deny this in its Grounds of Defense. Plaintiff does not allege that Glaydin was negligent in the hiring of Johnson.

Ordinarily an agent who violates a duty which he owes to a third party is answerable for the consequences thereof. However, if his principal is entitled to immunity, the agent, while acting within the scope of his authority, is also entitled to the same immunity as the principal would be had the principal done the same act under the same circumstances

and such immunity was not personal to the principal. Restatement of the Law of Agency, § 347.

I am of the opinion that charitable immunity, under the facts of this case, is personal as to Glaydin and may not be availed of by Johnson, despite Johnson's having driven the vehicle in the scope of his employment. The dearth of charitable immunity cases available as precedent for a decision on this point has forced consideration of sovereign immunity cases as analogous and such have served as the basis for this ruling.

Johnson might be immune, but for the rationale of *Crabbe* v. *School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968), and *Short* v. *Griffitts*, 220 Va. 53, 255 S.E.2d 479 (1979). The Supreme Court of Virginia found in *Crabbe* that the fact that the school instructor was performing a governmental function for his employer did not mean he was exempt from liability for his own negligence in the performance of such duties. It also stated "that Crabbe's motion for judgment stated a good cause of action against Albrite, notwithstanding the immunity enjoyed by his employer." (*Short*, at pages 54-55.) Plaintiff has pleaded in his motion for judgment the individual negligence of Johnson in the performance of his duties.

As to the pleas of sovereign immunity in *Short*, the Supreme Court held that the athletic director, baseball coach and building and grounds supervisor of a public high school were not entitled to assert that defense.

Accordingly, the court denies the Plea of Charitable Immunity as to Johnson.

Plaintiff asserts in his brief that the activity, collecting firewood on the Glaydin premises, was outside of the scope of the charitable purpose of Glaydin and, therefore, the doctrine of charitable immunity was inapplicable. The evidence showed that the students were paid for their activities in this regard; the wood was used on the premises; and that the students used their earnings for a dinner or a movie "in town". There was no evidence to the contrary, and the court cannot find that such an activity was outside the rehabilitative purposes in which Glaydin was involved.

Although the question is moot, the court having ruled that Glaydin is entitled to charitable immunity, plaintiff also raised in his brief the "trust fund" doctrine, asserting that "the plaintiff opposes the defendants' plea of charitable immunity on the baiss [sic] that immunity does not take effect until the time of collection for [sic] a judgment. . ." There was no evidence that Glaydin owns assets other than those held for the operation of the school.