## CIRCUIT COURT OF HENRICO COUNTY

Mary M. Shelton

v.

William F. Cooper et al.

November 20, 1987

Case No. 86-L-252

By JUDGE JAMES E. KULP

In this case the plaintiff has brought suit against a number of employees of Henrico County, alleging injuries from a fall when the seat of a picnic table upon which she was sitting broke. The picnic table and seat were located at the Courthouse complex. The plaintiff alleges the seat was comprised of rotten wood and her injuries were proximately caused by the negligent and/or grossly negligent failure of the defendants to inspect the picnic table and maintain it and the seat in a safe condition.

Each of the defendants has filed a Motion for Summary Judgment based upon the doctrine of sovereign immunity. To decide the motions the Court has before it the pleadings and Answers to Interrogatories. *See* Rules 3:18 and 4:8(e), Rules of the Virginia Supreme Court.

### I. *The Doctrine of Sovereign Immunity*

The doctrine of sovereign immunity has undergone extensive examination in the past decade by the Supreme Court. The Court's attempts to set down guidelines for the bench and bar to follow in this area have not met with unanimity as evidenced by the dissents in every recent case. Despite this division within the Court certain fundamental principles can be stated.

The doctrine of sovereign immunity continues to thrive in Virginia. Any question about the viability of the doctrine was clearly laid to rest by an amendment to the Virginia Tort Claims Act in 1982. The General Assembly provided that no provision of the Tort Claims Act was to "be so construed as to remove or in any way diminish the sovereign immunity of any county, city, or town in the Commonwealth." Section 8.01-195.3, Code of Virginia.

The Supreme Court has found that the doctrine of sovereign immunity serves a multitude of purposes including "protecting the public purse, providing for smooth operation of government, eliminating public inconvenience and danger that might spring from officials being fearful to act, assuring that citizens will be willing to take public jobs, and preventing citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation." *Messina v. Burden*, 228 Va. 301, 308 (1984). The Court has also concluded that the doctrine, while applicable to the sovereign, must also extend to some employees for "government can function only through its servants, and certain of those servants must enjoy the same immunity in the performance of their discretionary duties as the government enjoys." *First Va. Bank - Colonial v. Baker*, 225 Va. 72, 79 (1983).

Further the Supreme Court has held that the coverage of sovereign immunity extends to employees of county governments. In *Messina* the Court rejected the argument that sovereign immunity applied only to employees of the Commonwealth. The Court announced the rule: "If an individual works for an immune governmental entity then, in a proper case, that individual will be eligible for the protection afforded by the doctrine." 228 Va. at 312. In *Mann v. County Board*, 199 Va. 169 (1957), the Court held that counties share the tort immunity of the Commonwealth.

In *James v. Jane*, 221 Va. 43 (1980), the Court developed a test to determine entitlement to immunity. Factors to be considered are: (1) the nature of the function performed by the employee; (2) the extent of the [immune governmental entity's] interest and involvement in the function; (3) the degree of control and direction exercised by the [immune governmental entity] over the employee;

and (4) whether the act complained of involved the use of judgment and discretion. *See Messina,* 228 Va. at 313.

Lastly, the Court has observed that an employee who acts wantonly, or in a culpable or grossly negligent manner, or one who acts beyond the scope of his employment is not entitled to the protection of sovereign immunity. *See James,* 221 Va. at 53.

## II. *Application of The Doctrine of Sovereign Immunity*

### A. *William F. Cooper*

William F. Cooper is one of the employees of Henrico County named as a defendant in the instant case. In the plaintiff's Amended Motion for Judgment it is alleged that the defendant, Cooper, is the Henrico County Buildings and Grounds Engineer. His duties encompass maintaining County property in proper and safe condition, to include, the duty to periodically inspect and maintain County property, to repair and replace property and to give warning of any dangerous condition. (Amended Motion for Judgment, para. 1).

In response to plaintiff's interrogatories, defendant Cooper described his position as supervising the maintenance, operation and security of the County Administrative buildings and grounds. Under his supervision are twenty-two persons in the security guard section; twelve persons in the custodial section; and nine persons in the plant maintenance section. (Answer to Interrogatory No. 2, Third Set of Interrogatories). Defendant Cooper also answered that he routinely exercises his judgment and discretion in carrying out his responsibilities through supervision of those persons under him. The minimum requirements for defendant Cooper's position is a bachelor's degree in mechanical or civil engineering and five years experience. (Job Description produced at plaintiff's request). During argument plaintiff conceded that defendant Cooper's position was accurately described in his answer to interrogatories and the produced job description.

The background in this case is strikingly analogous to that existing in *Messina.* In *Messina* the plaintiff was injured when he tripped and fell on a stairway located behind the stage of the College Theater on the Frederick

Campus of Tidewater Community College. In filing a motion for judgment the plaintiff named William W. Burden as a defendant. The plaintiff alleged Burden was the Superintendent of Buildings for Tidewater Community College, and his duties included the maintenance and supervision of the maintenance of the buildings of Tidewater Community College.

In the companion case to *Messina*, Leonard Armstrong brought suit for injuries received when he stepped on a defective manhole cover located in a street in Arlington County. In this suit the plaintiff named Dennis Johnson as a defendant, and alleged that Johnson was "Chief of the Operations Division of the Department of Public Works in Arlington County." It was agreed by the parties that Johnson administered eleven sections within his division, that his work required application of engineering knowledge and skill, and that Johnson had wide latitude in exercising independent judgment.

In both cases the trial court granted a plea of sovereign immunity and the plaintiffs appealed. After reviewing the history of sovereign immunity, the Supreme Court found that the trial court in each case had properly applied the doctrine of sovereign immunity. As to Messina the Court held he was a supervisory employee of the State "who was operating within the scope of his employment in doing or failing to do the act of simple negligence complained of by Messina; as such he was entitled to immunity." 228 Va. at 310-311. By applying the *James* factors, the Court found Johnson's activities clearly involved judgment and discretion; that the county exercised administrative control over him and his department; and that the county had a clear interest in the work performed by Johnson.

The circumstances of the companion cases in *Messina* make it clear that in the present case defendant William F. Cooper occupies a position which would entitle him to the cloak of sovereign immunity. Mr. Cooper is a supervisor of some forty-three persons in three sections. He has to utilize engineering knowledge and skills, and must exercise a considerable degree of judgment and discretion in carrying out his duties. There can be no question that the county has an interest in the work performed

by Mr. Cooper. The Court finds that Mr. Cooper clearly meets the *James* factors.

The duties of Mr. Cooper are unlike those of the doctors in *James v. Jane*, who the Supreme Court held were not entitled to sovereign immunity since they were essentially independent contractors. The case of *Short v. Griffitts*, 220 Va. 53 (1979), is more troubling. There the Supreme Court held that a high school's athletic director, baseball coach, and building and grounds supervisor were not entitled to sovereign immunity for injuries received by a student when he fell on broken glass while running on the school's outdoor track. In *Messina*, however, the Supreme Court distinguished *Short v. Griffitts* on the basis that in *Messina* it was alleged that the defendant was acting within the scope of his employment whereas no such allegation was made in *Short*.

In the present case there is no allegation that defendant Cooper was acting within the scope of his employment as was the case in *Messina*. But there is no allegation that defendant Cooper was acting outside the scope of his employment with regard to the acts complained of. "One of the critical factors in deciding whether a government employee is entitled to immunity is whether he was acting within or without his authority at the time of doing or failing to do the act complained of." *Messina*, 228 Va. at 311. Here the allegations in the Amended Motion for Judgment leave no doubt that defendant Cooper was acting within the scope of his employment at the time of the acts complained of. Paragraph 1 sets forth his duties and paragraphs 14 and 15 allege negligence in the performance of said duties. On these facts the Court finds that there is no genuine dispute over the fact that defendant Cooper was acting within the scope of his employment at the time of the acts complained of.

In this Court's view the more significant difference distinguishing *Short* from the present case is that in *Short* the Supreme Court made "a distinction between the sovereign Commonwealth of Virginia and its employees, and a governmental agency, created by the Commonwealth, and its employees." *Short*, 220 Va. at 55. Previous to *Short*, the Court had held that employees of a local governmental agency were not entitled to immunity. This distinction, if it ever truly existed, was clearly laid to rest

in *Messina*. The Supreme Court in *Messina* disavowed any intention of limiting sovereign immunity to employees of the Commonwealth, and announced the rule that in a proper case an individual who works for an immune governmental entity is eligible for the protection afforded by the doctrine. *Messina*, 228 Va. at 311-12.

The duties of Mr. Cooper are in keeping with those in *Banks v. Sellers*, 224 Va. 168 (1982), of a division superintendent of schools and a high school principal who were held entitled to immunity. *See also Bowers v. Commonwealth*, 225 Va. 245 (1983) (highway department resident engineer entitled to immunity where plaintiff sustained injury on a culvert); *Hinchey v. Ogden*, 226 Va. 234 (1983) (Superintendent of the Norfolk - Virginia Beach Expressway entitled to immunity when sued for failing to provide adequate barriers and traffic control which led to a collision).

There remains one more matter to dispose of in determining whether defendant Cooper is entitled to immunity. Unlike *Messina*, the plaintiff in the present case has alleged that Cooper was grossly negligent in failing to carry out his duties. (Amended Motion for Judgment, para. 14).

In Answer to Interrogatory No. 4, defendant Cooper responded that in August, 1984, he observed small weather cracks on the top of the wood surface on the picnic table and benches which are the subject matter of this suit. In Answer to Interrogatory No. 4, defendant William L. Jellie responded that defendant Cooper had mentioned his observation of weather cracks in the picnic table and benches to him, and that Jellie asked one of the mechanics to check to see which specific boards had weather cracks. (Jellie's Answer to Interrogatory No. 6). Defendant Gus M. Pastore posed certain Interrogatories to the plaintiff. Interrogatory No. 3(a) requested the plaintiff to describe the specific condition which made the picnic table seat dangerous, to which plaintiff replied "wood was rotten and that fact was not obvious." Plaintiff was also requested to state each fact which tends to show that each defendant knew or should have known of the [dangerous] conditions, to which plaintiff responded, "condition of wood." (Interrogatory to plaintiff, No. 3(c).)

The plaintiff in this case cannot ask the Court to make her case stronger than she makes it, where her

case depends upon facts within her own knowledge and as to which she has given evidence. *Massie v. Firmstone*, 134 Va. 450 (1922). Here, the plaintiff in Answers to Interrogatories has laid out her case. She claims that the condition which made the picnic seat dangerous was that the wood was rotten *but that fact was not obvious*. It may be that plaintiff feels she has been caught in a "Catch - 22," for if she claimed that the dangerous condition was open and obvious, defenses of contributory negligence or assumption of the risk may have been available to the defendants. Whatever her predicament, what is not obvious to plaintiff is likewise not obvious to the defendants.

The issue then is whether the failure of defendant Cooper to follow up his observations of weather cracks in the wood of the picnic table constitutes gross negligence. "[G]ross negligence is that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence. . . . It must be such a degree of negligence as would shock fair minded persons . . . ." *Morris v. Hamilton*, 225 Va. 372, 375 (1983), citing *Community Motor Bus Co. v. Windley*, 224 Va. 687, 689 (1983).

In this case the evidence establishes that what defendant Cooper saw was weather cracks in the wood. It was not obvious that the wood was rotten. There was nothing in these circumstances which would have put a person on notice that the condition of the picnic seat presented a dangerous condition, or that immediate action was called for in order to prevent injury. In the Court's opinion, the failure of defendant Cooper to follow up his observations of weather cracks would at most rise to the level of simple negligence. There is nothing in this case remotely showing an utter disregard of prudence or inaction as would shock fair minded persons.

Ordinarily, gross negligence is an issue to be resolved by the jury. It becomes a question of law only when it can be said that reasonable minds cannot differ about the conclusion to be reached from the evidence. In this case the Court finds that reasonable minds could not differ, and holds as a matter of law that defendant Cooper's conduct was insufficient to constitute gross negligence.

In her Memorandum In Response To Defendant Cooper's Motion for Summary Judgment, plaintiff asserts that defen-

dant Cooper was grossly negligent in that there were no schedules for inspection of the picnic table and bench, there were no replacement or refurbishment schedules for the table and bench, and that no one was assigned the duty to check the picnic table and bench. It might well be that the failure to schedule routine inspections and maintenance of equipment which itself presents a hazard or dangerous condition could rise to the level of gross negligence. In the Court's view such is not the case presented here. While it may be administratively wise to schedule routine inspections of the picnic tables and benches, it is a far cry from holding that the failure to do so constitutes gross negligence. In *Messina* it was alleged that the defendant Burden's duties were to maintain and supervise the maintenance of the buildings of the Tidewater Community College. Certainly it can be inferred that a person whose duties are to maintain and supervise the maintenance of property encompasses the duty to schedule the maintenance. While the Supreme Court in *Messina* did not specifically address this issue, nothing in the opinion leads this Court to believe that the Supreme Court would find that the failure to schedule routine inspections and maintenance of picnic tables would constitute gross negligence. This Court holds as a matter of the law that any failure of defendant Cooper to schedule inspections and replacements for the picnic tables is insufficient to constitute gross negligence.

For the reasons stated, the Court finds that defendant Cooper is entitled to sovereign immunity, and the Court will grant his Motion for Summary Judgment.

## B. *William L. Jellie*

William L. Jellie, one of the named defendants, has also filed a Motion For Summary Judgment seeking to invoke sovereign immunity. Defendant Jellie occupies the position of Building Superintendent. His job description is set forth in Exhibit A attached to his Answer to Interrogatories, and in part provides:

*Building Superintendent*

*General Statement of Duties*: Supervises and performs maintenance services in Henrico County buildings for complex climate-control systems, electrical systems, plumbing systems, and mechanical equipment; does related work as required.

*Distinguishing Features of the Class*: This work involves the responsibility for planning, record-keeping and related correspondence, and supervision and follow-up for all maintenance and repair service on mechanical, electrical, life-safety devices, security systems, and buildings and grounds in the Henrico County Government Center and outlying County buildings. The incumbent works in coordination with the security section as it pertains to operation of the automation system, life safety and security equipment and devices and is directly responsible for maintenance of this equipment. Employee coordinates and follows work performed by outside contractors, ensuring that services are completed in compliance with specifications and bid awards. Incumbent works with custodial section in matters pertaining to buildings and grounds appearance and custodial requirements. Supervision is exercised over Plant Maintenance Mechanics and Senior Plant Maintenance Mechanics. The incumbent receives general supervision and instructions from the Buildings and Grounds Engineer; however, significant responsibility and independent judgment must be exercised in daily maintenance operation.

The question posed is whether defendant Jellie occupies a position which is entitled to the protection afforded by sovereign immunity. While persons operating at the highest levels of government have traditionally been granted sovereign immunity, the Supreme Court has extended immunity to other governmental officials who occupy lower positions. As observed by the Court in *Messina*, "[d]eciding which government employees are entitled to immunity requires

line-drawing. 228 Va. at 310. This process of line-drawing is accomplished on a case-by-case basis by applying the underlying principles of the doctrine to the facts and circumstances in a given case.

In this Court's view defendant Jellie occupies the same position as the defendant Burden in *Messina*. Both have the title of Superintendent of Buildings; both are responsible for maintaining and supervising the maintenance of the buildings of an immune governmental entity; and both are required to exercise judgment and discretion. Being unable to find any distinction in the position held by defendant Jellie and the one held by the defendant Burden in *Messina*, the Court holds that defendant Jellie occupies a position entitling him to immunity.

The plaintiff urges that defendant Jellie was guilty of gross negligence which would remove him from the protection afforded by the doctrine of sovereign immunity. Plaintiff asserts that the weather cracks were called to his attention by Mr. Cooper in August 1984, and that he never followed up on this after requesting one of the mechanics to check on the situation. (Answer to Interrogatories, Nos. 4 and 6). For the reasons previously discussed in connection with defendant Cooper, the Court finds that any failure by defendant Jellie to follow up his instructions to one of his subordinates is insufficient to constitute gross negligence as a matter of law.

Finding no issue in dispute, and that reasonable minds could not differ about the conclusion to be reached from the facts, the Court will grant defendant Jellie's Motion for Summary Judgment.

## C. *The Remaining Defendants*

The remaining defendants Harris, Granger, Martin, Nottingham, Pastore, Cramer and White, have filed a joint Motion for Summary Judgment invoking the doctrine of sovereign immunity. Each of these defendants occupies the position of Plant Maintenance Mechanic or in the cases of Harris and White Senior Plant Maintenance Mechanic. Their duties basically require them to perform maintenance on County buildings.

These defendants argue that they meet the factors set forth by the Supreme Court in *James v. Jane*, and

are therefore entitled to immunity. Without belaboring the matter, the Court finds that these defendants do not occupy positions which would entitle them to immunity. These defendants occupy positions at the lower level of the county government. To find that they are entitled to sovereign immunity would be to stand the doctrine on its head. The Supreme Court has never suggested that every employee of an immune governmental entity is entitled to immunity.

It is true that these defendants are employees of an immune governmental entity, that the County has an interest in the manner in which they perform their duties, and maintains administrative control over them. These defendants maintain that they must exercise discretion and judgment in performing their duties, but "[v]irtually every act performed by a person involves the exercise of some discretion." *James v. Jane*, 221 Va. at 53. The discretion exercised by these defendants is not the sort of discretion which would prevent citizens from accepting public jobs, keep officials from acting, or allow citizens to improperly influence the conduct of governmental affairs. *See Messina*, 228 Va. at 308.

In short, the duties of these defendants are not such that denying them immunity will hamstring the operation of the County government. The underlying purposes of the doctrine of sovereign immunity would not be further by granting immunity to these defendants. The only purpose to be served by granting these defendants immunity would be to protect the public purse. This is not sufficient reason to grant immunity, and has never been held to be the sole basis upon which the doctrine rests. *See Messina*, 228 Va. at 308.

Finding that these defendants are not entitled to sovereign immunity, the Court will deny their Motion for Summary Judgment.