**Stephanie L. SHAFFER, Administratrix of the Estate of Robert S. Shaffer, Deceased, Plaintiff,**

v.

**CITY OF HAMPTON, VIRGINIA, et al., Defendants.**

Civ. A. No. 91–61–NN.

United States District Court, E.D. Virginia, Norfolk Division.

Nov. 13, 1991.

Augustus Anninos, Norfolk, Va., for plaintiff.

Richard D. Caplan, Hampton, Va., for defendants.

## ORDER

DOUMAR, District Judge.

This matter comes to this Court upon review of the Magistrate Judge's Report and Recommendation dated October 2, 1991 recommending that Defendants' motion to dismiss Count II be granted. Plaintiff filed objections on October 9, 1991. This Court adopts the Magistrate Judge's Report and Recommendation and grants Defendants' motion to dismiss Count II.

Plaintiff is the sister of decedent, Robert S. Shaffer, who was fatally shot by police officers while he was standing in a convenience store with a gun in his hand. Defendants are the City of Hampton, the police chief, Chief Minetti, as well as Hampton police officers Folsom and Overton, the officers who were involved in the shooting of decedent.

Count I alleges violation of decedent's constitutional rights under 42 U.S.C. § 1983. Defendants have not made a motion to dismiss Count I, and therefore it is not addressed in this Order. The original allegation in Count II states that "Plaintiff brings her cause of action under this Count, pursuant to the Virginia Wrongful Death Statute for herself...." Count II alleges both gross negligence and recklessness through the reallegation of language in Count I as well as violation of Plaintiff's constitutional rights of her own to decedent's continued life. Due to Plaintiff's inexact pleading, there was originally some confusion as to whether Count II was pur-

suant to 42 U.S.C. § 1983 or Va.Code § 8.01–50, the Wrongful Death Act statute.

On May 22, 1991, Defendants filed a motion to dismiss, or in the alternative, for summary judgment regarding the Virginia law claim (Count II) on two grounds: (1) a claim of sovereign immunity and (2) Plaintiff's failure to give the City of Hampton notice of the claim as required by Va.Code § 8.01–222. Section 8.01–222 requires that a claimant give the city notice of a claim based on negligence. On June 19, 1991 Plaintiff responded that her claim did not allege negligence against the City of Hampton.[1]

On July 18, 1991, counsel for both parties appeared before the Magistrate Judge, and the Magistrate Judge requested that Plaintiff's attorney specify the allegation in Count II. Plaitiff's counsel stated that he was uncertain as to how to characterize the claim. The Magistrate Judge granted Plaintiff leave to amend Count II. Plaintiff filed the amended Count II which adds only: "This is a separate cause of action brought under Section 8.01–50 of the Code of Virginia which is not barred by 42 U.S.C. 1983."

Plaintiff's amended language is a clear statement that Count II is alleged pursuant to Va.Code § 8.01–50, the Virginia Wrongful Death Act. Plaintiff's counsel is cautioned that he should allege counts with sufficient specificity so as to satisfy the requirements of federal notice pleading. It is not the Court's responsibility to determine Plaintiff's best case where an attorney has been hired. Although Defendants may not have been given adequate notice of Plaintiff's allegation in the original Count II, the amended language is sufficient to satisfy the requirements of federal notice pleading.

The Magistrate Judge recommended granting Defendants' motion to dismiss on two grounds: (1) sovereign immunity and (2) failure to state a claim pursuant to Va.Code § 8.01–50 upon which relief can be granted. Plaintiff filed objections assert-

---

1. In his Report and Recommendation, the Magistrate Judge found that Plaintiff's concession must apply to all Defendants, and that there is not a claim based on negligence against any of Defendants.

ing that she did state a claim upon which relief can be granted. Plaintiff did not contest the issue of sovereign immunity.

■ Count II is alleged under the Virginia Wrongful Death Act. This act allows causes of actions caused by "the wrongful act, neglect, or default." Va.Code § 8.01–50(A). Plaintiff has disavowed any claim based on any form of negligence, and has not alleged any wrongful act or default. In Count II, Plaintiff is not asserting a derivative cause of action for violations of decedent's rights, but rather a direct cause of action for violation of her rights. Plaintiff's allegation of deprivation of her own constitutional rights in decedent's continued life is not actionable under § 8.01–50, which is limited to derivative actions. *Payne v. Piedmont Aviation, Inc.*, 294 F.Supp. 216, 220–221 (E.D.Va.1968).

■ However, even assuming Plaintiff did assert a cause of action under the Virginia Wrongful Death Act, Defendants have sovereign immunity. In so far as Plaintiff proceeded under Virginia law, and where Virginia law creates a right and a remedy, Virginia law determines whether that right and remedy can be used against the sovereign. Even assuming Virginia law created a right and remedy for Plaintiff, Virginia law denies Plaintiff a remedy against the City because it was engaged in a discretionary governmental function, as opposed to a ministerial or proprietary function. Employees of an immune governmental body are eligible for similar protection through immunity where their officials clearly involve discretion and judgment. *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657, 661 (1984).

■ The police officers have qualified immunity in their individual capacity under the test which originated in *James v. Jane*, 221 Va. 43, 282 S.E.2d 864, 869 (1980). The Supreme Court of Virginia stated the four factors considered for sovereign immunity in *Messina* as being (1) the nature of the function performed by the employee, (2) the extent of the state's interest and involvement in the function, (3) the degree of control and direction exercised by the state over the employee, and (4) whether the act complained of involved the use of judgment and discretion. 321 S.E.2d at 663.

This Court finds that the police officers in this case were performing the governmental function of law enforcement and public protection and that the state of Virginia has great interest and involvement in this function. Although the issue was not addressed by Defendants, it seems clear that the City exercised some administrative control and supervision over the officers. This Court further finds that the officers' acts involved judgment and discretion. *See Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184, 187 (1991) (Virginia Beach police officer in vehicular pursuit had qualified immunity based on four-part test).

This qualified immunity does not protect Defendants against gross negligence. However, in her June 19, 1991 response to Defendants' motion to dismiss, or in the alternative, for summary judgment, Plaintiff disavowed any claim of negligence and therefore, of gross negligence. Plaintiff has made no allegations of intentional conduct by the officers.

Plaintiff did not allege that the police chief was personally involved in the shooting incident. Plaintiff has not made an allegation in Count II that would state a claim upon which relief can be granted against the police chief. *See Monell v. Dept. of Social Services of New York City*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Any claim alleged in Count II against the police chief, as well as all the other Defendants, is dismissed.

This Court grants Defendants' motion to dismiss Count II on the grounds that Plaintiff failed to state a claim upon which relief can be granted, and even if she had, that claim would be barred by sovereign immunity. Plaintiff still has pending before the Court the claim alleged in Count I pursuant to 42 U.S.C. § 1983 for the harm to the decedent himself.

This Court GRANTS Defendants' motion to dismiss Count II.

IT IS SO ORDERED.

**REPORT AND RECOMMENDATION**

WILLIAM T. PRINCE, United States Magistrate Judge.

*Order of Designation*

United States District Judge J. Calvitt Clarke, Jr., by an order entered July 16, 1991, designated the undersigned magistrate judge to conduct a hearing and to submit to a judge of the court proposed recommendations for disposition by the judge of defendants' motion to dismiss, or in the alternative, motion for summary judgment.

A hearing was held on July 18, 1991, at which Augustus Anninos, Esquire, appeared for plaintiff and Richard D. Caplan, Esquire, appeared for defendants. At the conclusion of the hearing, upon motion of plaintiff and without objection of defendants, plaintiff was granted leave to file an amended complaint.

**PROCEEDINGS**

Defendants' motion to dismiss is addressed only to Count II of the complaint. Specifically, defendants move "to dismiss all claims brought under Virginia law."[1] Pursuant to the referral, a hearing was held on July 18, 1991. It was unclear to the Court whether Count II was a wrongful death claim under the Virginia Death By Wrongful Act Statute, a § 1983 claim or a hybrid claim.[2] The defendants believed it was a wrongful death claim under the Virginia statute and had based their motion to dismiss upon that belief. The Court inquired of Mr. Anninos, plaintiff's counsel, about the nature of the claim and was advised by Mr. Anninos that he was uncertain how to characterize it, but that he did not wish to forfeit any claim available. After further discussion, leave was granted plaintiff to amend Count II. An amended Count II was filed and defendants have again filed a motion to dismiss it supported by a memorandum of law. Plaintiff did not respond to the motion and memorandum filed by defendants.

**DISCUSSION**

Amended Count II continues to reflect the ambiguity of the claim. As in the original complaint, paragraph 7 of amended Count II alleges that the claim is brought pursuant to the Virginia Death By Wrongful Act Statute. Also, as in the original complaint, paragraph 8 of amended Count II alleges that plaintiff and other statutory beneficiaries had rights under the United States Constitution and 42 U.S.C. § 1983 to decedent's continued life. The only amendment made to Count II is the addition in paragraph 8 of the following: "This is a separate cause of action brought under Section 8.01–50 of the Code of Virginia which is not barred by 42 U.S.C. 1983."

Defendants' motion to dismiss amended Count II does not contest the right of plaintiff to bring a claim under 42 U.S.C. § 1983 on behalf of her decedent's estate to recover damages caused by the defendants' alleged violation of the decedent's constitutional rights resulting in his death *and* a cause of action under the Virginia Death By Wrongful Act Statute on behalf of her decedent's statutory beneficiaries. Indeed, defendants concede that both claims may be maintained. In *Miltier v. Beorn*, 696 F.Supp. 1086 (E.D.Va.1988), Judge Spencer held "that a claim under Va.Code § 8.01–50 is not extinguished by the simultaneous assertion of a claim under 42 U.S.C. § 1983."

Defendants' motion to dismiss the Virginia wrongful death claim is based upon two

---

1. Count I, brought under 42 U.S.C. § 1983, seeks damages for the Estate of Robert S. Shaffer as a result of his death allegedly caused by the violation of his constitutional rights by defendants. There is no motion pending as to Count I.

2. In paragraph 7 of Count II of the original complaint it was alleged that "[p]laintiff brings her cause of action under this Count, pursuant to the Virginia Wrongful Death Statute for herself and the other statutory beneficiaries," while in paragraph 8 of Count II it was alleged that "plaintiff and the other statutory beneficiaries, had, pursuant to the United States Constitution and 42 U.S.C. 1983, rights of their own to [decedent's] continued life." Plaintiff's Response to Defendant's [sic] Motion to Dismiss was one paragraph long and it was not helpful. Plaintiff just "le[ft] it up to the court to determine the issues involved."

grounds: 1) a claim of sovereign immunity, and 2) the defense that plaintiff failed to give notice of her claim as required by Virginia Code § 8.01–222.

### The Sovereign Immunity Claim

Defendants' response to plaintiff's original complaint [3] was a motion "to dismiss all claims brought under Virginia law" because "[t]he City of Hampton possesses sovereign immunity from suit when performing governmental functions." The motion to dismiss did not mention that it referred only to Count II, but Count I was not brought under Virginia law, and the supporting memorandum of law was clearly directed to Count II only. Defendants' response to plaintiff's *amended* Count II was a motion to "dismiss count II, as amended" because "[t]he City of Hampton possesses sovereign immunity from suit when performing governmental functions," which is precisely the ground stated in the initial motion to dismiss. This time, however, the motion concludes not with defendants' motion to dismiss "all claims brought under Virginia law," but with their motion for "1. Dismissing the City of Hampton as to Count II; [and] 2. Dismissing the named defendants *in their official capacities* from Count II[.]" (emphasis added). Therefore, it would appear that defendants are not moving to dismiss Count II, the wrongful death claim, against the individual defendants in their individual capacities.

The law in Virginia with regard to sovereign immunity has been anything but clear during the past three decades.[4] Not only have the cases been difficult to reconcile factually,[5] but clear announcements of rules have been disavowed. For example, in *James v. Jane*, 221 Va. 43, 51, 282 S.E.2d 864, 868 (1980), the court said:

> We make a distinction between the sovereign Commonwealth of Virginia and its employees, and local governmental agencies and their employees. And we have specifically held that the latter [, that is, the employees of local government agencies] do not enjoy governmental immunity and are answerable for their own acts of simple negligence. *Short v. Griffitts*, 220 Va. 53, 255 S.E.2d 479 (1979), *Crabbe v. School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968), and *Kellam v. School Board*, 202 Va. 252, 117 S.E.2d 96 (1960).

Four years later, in *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984), the court referred to the preceding quotation as "a passing comment,"[6] disavowed its interpretation as a *per se* rule,[7] and stated "as a more workable rule ... the one here announced: If an individual works for an immune governmental entity then, in a proper case, the individual will be eligible for the protection afforded by the doctrine."[8]

> I agree with the result reached by the majority opinion. However, for reasons expressed in my dissent in *Lawhorne v. Harlan*, 214 Va. 405, 408–09, 200 S.E.2d 569, 572–73 (1973), I believe that *Lawhorne* is inconsistent with *Crabbe v. School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968), is unsound, and should be forthrightly overruled rather than distinguished to extinction.

**3.** Plaintiff filed a Motion for Judgment in the Circuit Court of the City of Hampton, Part I. Defendants later removed that action to this court. Plaintiff's original Motion for Judgment will hereafter be referred to as a complaint.

**4.** The Supreme Court of Virginia would appear to agree: "I concur in the result, and I have decided to join in the majority opinion in the hope that it will contribute to uniformity in the application of the law of sovereign immunity in this Commonwealth." *Messina v. Burden*, 228 Va. 301, 314, 321 S.E.2d 657, 664 (1984) (Poff, J., concurring). "The majority opinion has attempted to lay down a rule of sovereign immunity which reconciles our prior decisions. In my view, the attempt fails because the decisions cannot be reconciled." *Id.* at 316, 321 S.E.2d at 665 (Cochran, J., dissenting).

**5.** *See, e.g., James v. Jane*, 221 Va. 43, 55, 282 S.E.2d 864, 870 (1980) (Cochran, J., concurring):

**6.** 228 Va. at 311, 321 S.E.2d at 662.

**7.** *Id.* at 311, 321 S.E.2d at 663.

**8.** *Id.* at 312, 321 S.E.2d at 663. After four more years, in *Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988), the court expressly overruled two cases in the field of sovereign immunity, to-wit: *Crabbe v. School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968) and *Short v. Griffitts*, 220 Va. 53, 255 S.E.2d 479 (1979).

In the case at bar, the material allegations with respect to the issue of sovereign immunity are paraphrased from amended Count II, including incorporated allegations from Count I, as follows:

1) On or about October 28, 1989, plaintiff's decedent was lawfully and properly at a 7–11 store in Hampton, Virginia;

2) At the same time, the defendant police officers, Michael Folsom and James Overton, arrived in two police cars;

3) Folsom and Overton emerged from their police cars with guns drawn;

4) They were acting in their official capacities;

5) Plaintiff's decedent was holding an unloaded weapon in his hand, pointed downward;

6) Without any warning or conversation, the police officers shot and killed plaintiff's decedent;

7) The police officers acted pursuant to a pattern, policy or custom established by the defendants, City of Hampton and Chief of Police P.G. Minetti.

In Count I, paragraph 4, which is incorporated into Count II, it is alleged that the pattern, practice or custom followed by defendants Folsom and Overton was established by defendants City of Hampton and Police Chief Minetti as a result of reckless and/or grossly negligent acts and/or omissions. Nevertheless, in the one paragraph response to defendants' motion to dismiss original Count II, plaintiff states that she "has not alleged anywhere in his [sic] pleading negligence of the City of Hampton." [9]

In *James v. Jane, supra,* the Supreme Court of Virginia first developed a test to determine entitlement to immunity. In *Messina v. Burden,* the court elaborated on the test, stating:

Among the factors to be considered are the following:

1. the nature of the function performed by the employee;

2. the extent of the state's interest and involvement in the function;

3. the degree of control and direction exercised by the state over the employee; and

4. whether the act complained of involved the use of judgment and discretion.

228 Va. at 313, 321 S.E.2d at 663. The *Messina* court also said that "in applying the *James* test to employees of other immune governmental entities, the word 'state' should be deleted and the proper description of the governmental entity substituted." *Id.* at 313, 321 S.E.2d at 664. In *Colby v. Boyden,* 241 Va. 125, 400 S.E.2d 184 (1991), the court referred to the test as "the four-factor test enunciated in *James,*" and not just as the four factors among those "to be considered." *Id.* at 129, 400 S.E.2d at 186.

■ The Court has not searched for cases discussing sovereign immunity in a context other than tort, but it is only in that context that those cases have been found. In the case at bar, however, we have the anomalous situation of a claim brought under the Virginia Death by Wrongful Act Statute that does not allege any negligence.[10] Nevertheless, the stat-

---

**9.** This concession by plaintiff as to Count II is made with regard to the defendants' second ground for dismissal, i.e., that the plaintiff failed to give notice, pursuant to Virginia Code § 8.01–222, of her Count II claim. However, if for that purpose no allegation of negligence against the city is made, then it follows, of necessity, that no allegation of negligence is made against the city in Count II for any purpose. Plaintiff can not have it both ways. Furthermore, the statute requires notice before any "action shall be maintained against any city or town ... for wrongful death alleged to have been sustained by reason of the negligence of the city or town, *or of any officer, agent or employee thereof....*" (emphasis added).

Therefore, because plaintiff concedes that no negligence is alleged against the city, the concession, of necessity again, must be broad enough to cover the individual defendants, all of whom are officers, agents or employees of the city.

**10.** *See, supra,* text accompanying note 7 (stating that if plaintiff wishes to avoid the defense that she failed to file a notice of claim as required by the notice statute—a prerequisite to filing a negligence action against the city—by disavowing that she has alleged any negligence against the city, then that disavowal applies to all defendants).

ute permits a claim "[w]henever the death of a person shall be caused by the [1] wrongful act, [2] neglect, or [3] default of any person or corporation...." Va.Code Ann. § 8.01–50 (1984). Therefore, it seems, if a wrongful death can be proven by a wrongful act or default not involving any negligence, a plaintiff may prevail; but plaintiff has alleged neither wrongful act nor default. In both the original Count II and the amended Count II, the only allegations are that in addition to plaintiff's decedent's constitutional rights—those that are asserted in Count I—"plaintiff and the other statutory beneficiaries, had, pursuant to the United States Constitution and 42 U.S.C.1983, rights of their own to his continued life." [11] It is clear that plaintiff is not asserting that any wrongful act or default caused her decedent's death. She is asserting only that she and the other statutory beneficiaries had a constitutional right to decedent's continued life and they were unconstitutionally deprived of these rights by the acts or omissions of defendants. The wrong as it has been alleged, however, is to them, not to the decedent.[12] That wrong to them, if it exists in law, is not actionable under the Virginia Death By Wrongful Act Statute, because the cause of action created by the statute arises from the wrongful injury to the decedent, the wrong which entitled him to maintain an action if death had not ensued. *Payne v. Piedmont Aviation, Inc.*, 294 F.Supp. 216 (E.D.Va.1968). The primary purpose of the statute is to compensate the family of a deceased person for the death of the decedent caused by the wrongful act, negligence or default of the wrongdoer suffered by the decedent. *Withrow v. Edwards*, 181 Va. 344, 25 S.E.2d 343, *rev'd on other grounds*, 181 Va. 592, 25 S.E.2d 899, *cert. denied*, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 453 (1943). In this case, in amended Count II, plaintiff and the other statutory beneficiaries are attempting to use the wrongful

death act to recover for themselves for an alleged denial of their constitutional rights. If they have such rights, their remedy would be by way of a civil rights action under 42 U.S.C. § 1983.

Assuming, however, that plaintiff has alleged that her decedent's death was caused by the wrongful act, neglect or default of defendants, their defense of sovereign immunity has merit. In *Colby v. Boyden*, the Supreme Court of Virginia "determine[d] the degree of negligence required to impose civil liability for injuries resulting from the actions of a police officer who violates traffic laws while pursuing a fleeing lawbreaker." 241 Va. at 127, 400 S.E.2d at 185. The court held that it depends upon whether the particular acts causing the injury are classified as discretionary or ministerial to determine if the tortfeasor is entitled to the defense of sovereign immunity. The answer does not depend upon whether the act constitutes the formulation or execution of policy. Rather, the answer is found in "the four-factor test enunciated in *James, supra*, and reiterated in *Messina v. Burden* [, *supra* ], *Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988), and *Gargiulo v. Ohar*, 239 Va. 209, 387 S.E.2d 787 (1990)." 241 Va. at 129, 400 S.E.2d at 186. The court noted that it had not previously been called upon to apply the *James* test to a police officer engaged in vehicular pursuit. This Court has not found a case applying the test to any use of force by a police officer. Nevertheless, *Colby* serves well.

The first two factors of the *James* test are "the nature of the function the employee performs [and] the extent of the government's interest and involvement in the function." [13] In *Colby*, the court said:

Enforcement of traffic laws is not only a primary governmental function of a municipality, but one in which the municipality is inextricably involved through finan-

**11.** 42 U.S.C. § 1983 provides for no substantive rights; it provides a remedy. *Miener v. Missouri*, 673 F.2d 969 (8th Cir.), *cert. denied*, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982); *Terrell v. Shope*, 687 F.Supp. 579 (N.D.Ga.1988), *aff'd*, 911 F.2d 741 (11th Cir.1990).

**12.** The wrong to the decedent is the basis of the claim in Count I, to which there is no motion to dismiss.

**13.** *Messina*, 228 Va. at 313, 321 S.E.2d at 663.

cial, personnel, and policy initiatives. A municipality enjoys sovereign immunity for acts undertaken in furtherance of this function. [The police officer] was involved in the performance of this function for the City of Virginia Beach at the time of the accident, thereby satisfying the first two elements of the test. 241 Va. at 129, 400 S.E.2d at 187.

With regard to the third and fourth factors, to-wit: "the degree of control and direction exercised by the state over the employee [and] whether the act complained of involved the use of judgment and discretion,"[14] the court stated that there are situations where guidelines governing actions to be taken in emergencies

> cannot[ ] eliminate the requirement that a police officer, engaged in the delicate, dangerous, and potentially deadly job of vehicular pursuit, must make prompt, original and crucial decisions in a highly stressful situation.... [T]he officer must make difficult judgments about the best means of effectuating the governmental purpose by embracing special risks in an emergency situation. Such situations involve necessarily discretionary, split-second decisions balancing grave personal risks, public safety concerns, and the need to achieve the governmental objective. The exercise of discretion is involved even in the initial decision to undertake the pursuit....

*Id.* The court reasoned that to say that the police officer's actions were ministerial, which would deny him the defense of sovereign immunity, "not only ignores the realities of the circumstances under which he performs his job, but also would inhibit law enforcement officers faced with similar decisions regarding vehicular pursuit in the future."[15] Finally, the court concluded that when an officer is clothed with sovereign immunity, a plaintiff must establish gross negligence to overcome the defense.

Little discussion is required to conclude that in the situation in the case at bar, *Colby* controls the outcome. It would be ludicrous to conclude that the defense of sovereign immunity would apply to the police officer in a vehicle pursing a lawbreaker having sovereign immunity while officers responding to the presence of a gunman at a store would not have the same immunity. The Virginia Supreme Court has ruled that in order to overcome the defense the plaintiff must prove gross negligence. In such a case, gross negligence would have to be alleged. In this case, an allegation of negligence of any sort has been disavowed. Neither are there allegations of wrongful act or default. The Court believes that if a case of wrongful death based upon non-negligent wrongful acts or defaults were alleged and the defense of sovereign immunity was raised, the Supreme Court of Virginia would at least hold that the wrongful act or default would have to rise to a level of willfulness or wantonness.

## RECOMMENDATION

It is the RECOMMENDATION of the Court that Count II be dismissed in its entirety even though it appears that defendants have not moved that it be dismissed against them in their individual capacities. It is in the nature of the defense of sovereign immunity that it shield individuals who are entitled to its protection. To raise the defense of sovereign immunity and not to seek its protection is a *non sequitur*, and the Court believes that the change in the expression of the relief sought between the motion to dismiss the original Count II and the motion to dismiss the amended Count II was unintended.

The recommendation is based upon two grounds: 1) amended Count II fails to state a claim upon which relief can be granted, and 2) defendants are entitled to the defense of sovereign immunity as a matter of law. Although defendants have not moved to dismiss amended Count II as failing to state a claim for which relief can be granted, it is clear that it does not for the reasons discussed above. It would be a waste of judicial resources to proceed to trial on a claim that clearly has no merit,

---

14. *Id.*

15. *Colby,* 241 Va. at 129, 400 S.E.2d at 187.

even if the defendants do not object to the exercise should their one ground for dismissal fail.

## DIRECTIONS FOR MAILING AND REVIEW PROCEDURES

The Clerk shall mail copies of this Report and Recommendation to counsel of record. By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing recommendation within ten (10) days from the date of mailing of this report to the objecting party (*see* 28 U.S.C. § 636(b)(1)(C)), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.

2. A district judge shall make a *de novo* determination of those portions of this report or specific recommendation to which objection is made.

The parties are further notified that failure to file timely objections to the recommendation set forth above will result in waiver of right to appeal from a judgement of this court based on such recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir.1985) (quoting *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir.1984), *cert. denied*, 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985)); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

Norfolk, Virginia

October 1, 1991