## CIRCUIT COURT OF CAMPBELL COUNTY

Angela Mattox

v.

Campbell County School Board
and Gene Montgomery

August 21, 1995

Case No. 031-CL93000246-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this opinion letter to rule on the plea in bar and demurrer in the above case. By letter from Mr. Hart dated August 11, 1995, I have been furnished with copies of the pleadings together with the respective memorandums. The trial is scheduled for August 24, 1995.

This is an action for damages brought against the Campbell County School Board and Gene Montgomery. Basically, the pleadings allege that "agents, servants, or employees of defendants" were in the process of repairing Altavista Elementary School when the plaintiff was hurt. Under the allegations, a "large steam radiator" had been detached from its mounting and from the pipes which held it in place. The plaintiff was injured when she brushed or pushed against the radiator and it fell from a vertical position onto her foot. The issue raised in the plea in bar and the demurrer is whether the Campbell County School Board and Gene Montgomery are protected by the doctrine of sovereign immunity. There is also the issue of whether sovereign immunity for the Campbell County School Board and Gene Montgomery only apply to acts of simple negligence as opposed to gross negligence. I will address these issues in my ruling below.

I will first rule on whether the Campbell County School Board is protected by the doctrine of sovereign immunity. The doctrine of sovereign immunity of school boards for simple negligence is "alive and well" in

the Commonwealth of Virginia. *Crabbe v. School Board*, 209 Va. 356, 359 (1968). Therefore, the plea in bar is sustained as to simple negligence by the Campbell County School Board. The next issue is whether sovereign immunity also applies to acts of gross negligence alleged to have been committed by the Campbell County School Board. In *Short v. Griffitts*, 220 Va. 53, 54 (1979), the Fairfax County School Board was alleged to have caused injury to a student by both acts of simple negligence and gross negligence. The plea of sovereign immunity was granted by the trial court. On appeal the Supreme Court of Virginia only allowed the case to proceed against the individually employed defendants. Therefore, the doctrine of sovereign immunity protects the Campbell County School Board from allegations of both simple negligence and gross negligence. Accordingly, the plea in bar is sustained as to all allegations against the Campbell County School Board.

I will next turn to the issue of sovereign immunity as it applies to the individual defendant, Gene Montgomery. The allegations in the motion for judgment do not set forth the capacity of Gene Montgomery with the Campbell County School Board. The allegations state, however, that the persons removing the radiator were "agents, servants, or employees of defendants." Accordingly, a fair reading of the allegations in the motion for judgment are that Gene Montgomery functions in a supervisory capacity with the Campbell County School Board. The Supreme Court of Virginia has held that if an individual works for an immune governmental entity, the individual is entitled to sovereign immunity for simple negligence under particular circumstances. *Messina v. Burden*, 228 Va. 301, 312 (1984). This court has held that the Campbell County School Board is an immune governmental entity. Accordingly, it must be determined whether this case constitutes the proper circumstance for the protection of an employee against simple negligence by sovereign immunity.

*Messina v. Burden* sets forth the following test to determine whether sovereign immunity applies to an employee: (1) the nature of the function performed by the employee; (2) the extent of the state's interest and involvement in the function; (3) the degree of control and direction exercised by the state over the employee; and (4) whether the act complained of involved the use of judgment and discretion. 228 Va. at 313.

Under the pleadings of this case, the clear implication is that Mr. Montgomery performs a supervisory function. This obviously involves discretion. Because he works for the Campbell County School Board, the state certainly has an interest in his function. The Campbell County School

Board exercises administrative control over him and has a clear interest and involvement in his function. Accordingly, Mr. Montgomery is cloaked with the protection of sovereign immunity with respect to alleged acts of simple negligence.

This, accordingly, leaves the court with the issue of whether the doctrine of sovereign immunity also protects Gene Montgomery from claims of gross negligence. The clear reading of *Messina v. Burden* is that employees are not protected by the doctrine of sovereign immunity for acts of gross negligence. In *Messina* the court specifically noted that there was an "absence of any claim of gross negligence or intentional misconduct." 228 Va. at 311.

The remaining question is whether the allegations of the motion for judgment are sufficient to establish a claim of gross negligence. Under the allegations of the motion for judgment, the plaintiff states that the agents, servants, and employees detached a large steam radiator from its mounting. There is nothing in the motion for judgment to indicate that Gene Montgomery committed any act that would constitute gross negligence. There may be an issue as to whether the actual employees removing the radiator were guilty of gross negligence. However, there is nothing alleged that Montgomery himself undertook any acts that would constitute gross negligence. The motion for judgment is deficient of any allegations in this respect. Therefore, the motion for judgment is not sufficient to allege that Gene Montgomery committed any acts of gross negligence. Accordingly, the plea in bar and the demurrer are sustained as to Gene Montgomery.

Based upon these rulings, the case should be dismissed.