## CIRCUIT COURT OF CHESTERFIELD COUNTY

Wilson

v.

Commonwealth of Virginia et al.

April 18, 1989

Case No. (Law) 2651-88

By JUDGE JOHN F. DAFFRON, JR.

I have reviewed the pleadings and counsel's memoranda filed herein. I sustain the plea of sovereign immunity against each defendant except the Commonwealth of Virginia, and I overrule the demurrer against the remaining defendant.

The plaintiff alleges that while a student at Virginia State University, she was assaulted by an unknown man in the hallway of her dormitory. She also alleges that she had complained to "security" earlier on the night of the attack without a response from University officials. She now brings this negligence action for failure to provide adequate security in the dormitory.

Virginia State University and its Board of Visitors are immune from suit as agencies of the Commonwealth. Virginia Code Section 8.01-195.3.

The remaining individual defendants (other than the Commonwealth) are also immune from suit. The description of each of these defendants in the motion for judgment fairly suggests that each acts for the University in a supervisory capacity and that each should exercise judgment

and discretion. The State's interest and involvement, in its sovereign capacity, in the operation of a state institution of higher learning is significant and mandatory. The alleged negligence is a failure to act by the individuals and not a complaint of acting without authority. I hold that sovereign immunity was well pled on behalf of the individual defendants herein.

In support of its demurrer, the State argues that its derivative relationship to the plaintiff is one of landlord and tenant. Defendant states the general rule that a landlord does not owe a duty to protect his tenant from a criminal act by a third person absent a special relationship which gives a right of protection. *Klingbeil v. Vito*, 233 Va. 445 (1987), and the *Gulf Reston* case cited therein. In both of these cases, the Court found no special relationship and declined liability purely on the basis of a landlord-tenant relationship.

Here a student living in a college dormitory should reasonably expect a greater degree of protection from the University than would a tenant who leases residential property from a landlord in the open market. The same dormitory student may also reasonably expect certain limitations, *i.e.* curfew, restrictions upon visitors, etc., not found in non-college housing. The relationship between a college or university and its resident dormitory student is not identical or perceived to be the same relationship between a landlord and tenant in the ordinary course of business. I hold that the plaintiff's allegation of her status as a dormitory student of Virginia State University and her claim of an unanswered complaint to "security" on the same night before she was assaulted are special circumstances that would allow the plaintiff to proceed with her lawsuit at this time. Accordingly, I would overrule the demurrer on behalf of the remaining defendant, the Commonwealth.

The plaintiff has sought punitive damages and alleged in Paragraph 15 of her motion for judgment a "reckless, conscious disregard for the safety of the plaintiff." In my judgment, there are no facts pled, individually or collectively, that would constitute a claim for gross negligence or allow punitive damages. I would strike that portion of the motion for judgment and allow plaintiff leave to amend if she be so advised. While punitive damages

are not recoverable against the Commonwealth, actions constituting gross negligence might defeat the pleas of sovereign immunity by the individual defendants.