# CIRCUIT COURT OF THE CITY OF WINCHESTER

Scott W. Miller

v.

Commonwealth of Virginia,
Department of Rehabilitative
Services, et al.

July 3, 1997

Case No. (Law) 97-45

By Judge John E. Wetsel, Jr.

This case came before the Court on July 2, 1997, for hearing on Defendant's Demurrer and for trial. This is an appeal from a warrant in debt filed in the General District Court against the Defendants. The Plaintiff appeared in person without counsel, and Margaret A. Browne, Esquire, Assistant Attorney General of Virginia appeared for the Commonwealth of Virginia along with other representatives of the Department of Rehabilitative Services, whereupon, evidence was heard and argued, upon consideration whereof, the Court has made the following decision.

## I. *Statement of Material Facts*

Defendant Department of Rehabilitative Services is an agency of the Commonwealth of Virginia. The individual Defendants, Weaver, Mundy, Hall, and Schaffer, all work in the Winchester field office of the Department of Rehabilitative Services.

The Department found Mr. Miller ineligible for services and closed his case on September 5, 1996. The Plaintiff requested reconsideration of his case, which request for reconsideration was granted by the Department on

November 20, 1996. Upon reconsideration, the Department reopened the Plaintiff's case. Upon reopening the case, the Department requested certain additional information from the Plaintiff, which, to date, the Department maintains has not been forthcoming.

In December 1996, the Plaintiff began receiving social security disability benefits.

On March 5, 1997, the Department placed the Plaintiff's case on a status called "extended evaluation," which status the Plaintiff has not sought to modify.

On January 7, 1997, the Plaintiff sued the Department and the individual Defendants seeking to recover monetary damages from them.

The Plaintiff is currently enrolled at Lord Fairfax Community College, and he has procured private transportation to and from his classes, so his claim, which he initially made, for transportation services from the Department of Rehabilitative Services is now moot.

The extent to which the Plaintiff may be entitled to any services from the Department of Rehabilitation as a result of the reopening of his case on November 20, 1996, remains to be resolved by the administrative procedures of the Department.

Plaintiff has not followed the appeal procedure promulgated by the Department for contesting the decision made by it pursuant to its regulations set forth in 22 VAC 30-20-180, which are attached as Exhibit B to the Defendants' Demurrer.

## II. *Conclusions of Law*

"The role of the courts in regard to administrative action is the accommodation of the administrative process to the traditional judicial system and to reconcile democratic safeguards and standards of fair play with the effective conduct of government. Accordingly, one basic approach to judicial review [of agency actions] is that questions of law or validity are for the court, while questions of fact, policy, or discretion are for the administrative agency." 2 Am. Jur. 2d, *Administrative Law*, § 416. "[W]hile courts have no inherent appellate jurisdiction over official acts of administrative agencies, where the legislature has made a statutory provision for judicial review that procedure is controlling ...." 2 Am. Jur. 2d, *Administrative Law*, § 421.

Under the Virginia Administrative Process Act, judicial review of agency decisions is limited to determining whether the agency acted in accordance with the law, made a procedural error which was not harmless, and had sufficient evidence to support its findings of fact. *Johnston-Willis, Ltd. v.*

*Kenley,* 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988). *See* Code § 9-6.14:17. "A court may not merely substitute its judgment for that of an administrative agency." *Jackson v. W.,* 14 Va. App. 391, 400, 419 S.E.2d 385, 390 (1992).

The enabling legislation, which in this case is the Virginia Administrative Process Act, Virginia Code § 9-6.14:1 *et seq.,* must be carefully examined to determine whether the Circuit Court has any jurisdiction to review actions of the Virginia Department of Rehabilitative Services. The Virginia Department of Rehabilitative Services is a state agency within the meaning of Virginia Code § 9-6.14:4. The Department maintains that its decision on whether to provide the Plaintiff with services is exempted from the provision of the Administrative Process Act by virtue of Section 9-6.14:4.1(B)(4), which exempts state agency action relating to "grants of state or federal funds or property." It remains to be determined whether this section or any other provision of the statute expressly exempts the Department of Rehabilitative Services' decisions with respect to benefits to applicants or whether such decisions are case decisions (§ 9-6.14:4(D)) and therefore subject to the judicial review provisions of Article 4 of the Administrative Process Act.

The Plaintiff may not recover monetary damages from either the department or its employees. Virginia Code §§ 9-6.14:3 and 9-6.14:16. The Virginia Department of Rehabilitative Services and its counselors are generally immune from suit as agencies of the Commonwealth of Virginia. *See* Va. Code § 8.01-195.3.; *Messina v. Burden,* 228 Va. 301, 321 S.E.2d 657 (1984) (applied to the Frederick Campus of Tidewater Community College); *James v. Jane,* 221 Va. 43, 282 S.E.2d 864 (1980) (the University of Virginia); and *Wilson v. Commonwealth,* 17 Va. Cir. 144 (1989) (Virginia State University).

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. The Defendants' Demurrer to the Plaintiff's right of action seeking monetary damages is sustained for the reasons set forth in Subsection A of the Defendants' Demurrer. The Plaintiff's motion for judgment is dismissed with prejudice as to the individual Defendants, Weaver, Mundy, Hall, and Schaffer. This dismissal is a final order as to them, and if the Plaintiff wishes to appeal their dismissal, he must file a notice of appeal with the clerk of this court according the Rules of Court of the Supreme Court of Virginia.

2. The Court will defer further consideration of this case pending the Plaintiff's exhaustion of his administrative remedies set forth in State Regulations 22 VAC 30-20-180, which are attached as Exhibit B to the Defendants' Demurrer.

3. If the Plaintiff intends to pursue his claim for services from the Department, he shall forthwith comply with their procedures for consideration of his claim for services.

4. The Court will defer ruling on the Department's claim that it is exempted from provisions of the Virginia Administrative Procedure Act by virtue of Virginia Code § 9-6.14:4.1(B)(4) or any other exemptions set forth in that section pending the Plaintiff's exhaustion of the appeal procedures of the Department.

The Plaintiff was admonished that, given the complexity of the appeal procedures of the Department and the issues involved in this case, he would be well advised to consult with an attorney before pursuing his claim further.