## CIRCUIT COURT OF THE CITY OF WINCHESTER

Marty C. Wright

v.

James S. Wiedower et al.

August 28, 2002

Case No. (Law) 01-103

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on August 22, 2002, for a final pretrial conference and argument on the parties' motions, including the Defendants University of Virginia Medical Center and Health System's Motion for Summary Judgment. David H. N. Bean, Robert L. Harris, and Randolph Parker, Esquires, appeared for the Plaintiff; Jim H. Guynn, Esquire, appeared for defendants University of Virginia Medical Center and Health System; Mark A. Brown, Esquire, appeared for the defendant Wiedower; William C. Cremins, Esquire, appeared for the defendants Jones and Winchester Medical Center; and Charles Y. Sipe, Esquire, appeared for defendant Young.

Upon further consideration, it appears to the Court that the defendants University of Virginia Medical Center and Health System are correct in their contention that, as agencies of the Commonwealth, they are protected by sovereign immunity. See *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984); and *Halberstam v. Commonwealth*, 35 Va. Cir. 459 (1995). The Virginia Tort Claims Act has lifted the cloak of sovereign immunity and permitted personal injury actions to be filed against the Commonwealth "on account of . . . personal injury caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment. . . ." Virginia Code § 8.01-195.3. The Commonwealth acts through myriad agents and agencies, but the only state agency which may be

sued for its negligence as a named defendant is a "transportation district." Virginia Code § 8.01-195.3. Vicarious liability is the doctrine which makes the Commonwealth potentially liable for the negligent acts of its agents and agencies, but the Commonwealth of Virginia is not a party defendant to this action. Under the Tort Claims Act, with the express and single exception of transportation districts, the Commonwealth's agents and agencies may not be sued for their alleged negligence; rather, an injured person must sue the Commonwealth for the alleged negligence of its agent or agency and rely upon vicarious liability to make the Commonwealth liable.

The University of Virginia and its Board of Visitors and the defendants University of Virginia Medical Center and University of Virginia Health System are immune from suit, because they are agencies of the Commonwealth of Virginia. See Va. Code § 8.01-195.3; *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984) (applied to the Frederick Campus of Tidewater Community College); *James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980) (University of Virginia); and *Wilson v. Commonwealth*, 17 Va. Cir. 144 (1989) (Virginia State University).

This Court was in error when it earlier overruled the Defendants University of Virginia Medical Center and Health System's Demurrer.

For the foregoing reasons, it is adjudged and ordered that:

1. Defendant University of Virginia Medical Center and Health System's Motion for Summary Judgment is granted.

2. The University of Virginia Medical Center and University of Virginia Health System are dismissed with prejudice as parties defendant to this action.